## PETER W. VANSICKLE, APPELLANT, v. JAMES W. HAINES et als., RESPONDENTS.

APPEAL FROM JUDGMENT UPON REMITTITUR NOT ENTERTAINED. Where the Supreme Court on appeal reversed a judgment for plaintiff and ordered judgment for defendant; and the court below upon the filing of the remittitur entered judgment for defendant in strict compliance therewith: *Held*, that an appeal from the latter judgment would not be entertained.

APPEAL from the District Court of the Second Judical District, Douglas County.

Upon the filing of the remittitur issued out of the Supreme Court upon and in accordance with its judgment and decision in *Vansickle* v. *Haines,* 7 Cal. 249, the court below entered a judgment "pursuant to the instructions of the Supreme Court, that the prayer of said plaintiff's complaint be denied and that said plaintiff have nothing by his said action herein, and that said defendants James W. Haines, Wm. N. Leet and Charles H. Van Gorder do have and recover of and from said plaintiff Peter W. Vansickle their costs in this action taxed at five hundred and sixty $\frac{40}{100}$ dollars in United States gold coin, and that the right and title of the said defendant James W. Haines to all the waters of said Daggett Creek, the stream of water in controversy, and his right to have the same flow continually, uninterruptedly and undiminished to, through, over and upon his said land and in its natural channel upon said land, be and the same is hereby fully confirmed and settled."

From this judgment the plaintiff appealed.

*Robert M. Clarke,* for Appellant.

*Mesick & Wood,* for Respondents.

By the Court, WHITMAN, C. J.:

In the original case entitled as above, the district court was directed to enter decree for respondents. *Vansickle* v. *Haines et als.,* 7 Nev. 249. It appeared from the opening statement of counsel that the mandate had been strictly obeyed; consequently no further argument was allowed,

upon the ground that the case was finally disposed of and that to hear an appeal would be to review the action of this and not of the district court—an unheard-of practice, except upon a rehearing granted, in which case the final judgment is stayed. Such is the uniform holding of courts of last resort. *Chickering* v. *Failes*, 29 Ill. 294; *Cumberland Coal and Iron Co.* v. *Sherman et al.*, 20 Md. 117; *Miner* v. *Medbury*, 7 Wis. 100; *Fortenbery* v. *Frazier et al.*, 5 Ark. 200.

The appeal is dismissed.