CRIBB *v.* PARKER, Judge.

BY THE COURT. 1. Penal Code, § 1047, as amended by the act of December 21, 1897 (Acts 1897, p. 41, Van Epps' Code Supp. § 6757). was repealed by the act of August 17, 1903 (Acts 1903, p. 77), providing for the abolition of trials or inquisitions, after conviction, as to the sanity of persons accused of capi-tal offenses.

2. The third section of the repealing act, which provided that that act "shall not apply to any pending case," has application only to inquisitions of in-sanity pending under the act of 1897.

3. After the date of the passage of the repealing act a judge of the superior court had no jurisdiction to entertain an original application for an inquisition of insanity under the act of 1897, or to grant an order suspending the sentence in the case.

4. Even if the refusal of a judge to entertain such an application is such a de-cision as would authorize the applicant to tender a bill of exceptions com-plaining thereof, the judge when signing such a bill of exceptions has no au-thority to grant an order suspending the sentence merely because the bill of exceptions has been signed.

5. Even if this court has jurisdiction by mandamus in any case to compel a judge of the trial court to grant an order suspending the sentence in a crimi-nal case, for the reason that the granting of such an order is a necessary part of the bill of exceptions, this court has no jurisdiction to issue the writ of mandamus for such purpose in a case where at the time the judge signs the bill of exceptions he has no jurisdiction over the sentence sought to be sus-pended. *Haskens* v. *State*, 114 *Ga.* 837. *Mandamus nisi denied.*

Submitted and decided December 17, 1903.

Application for mandamus.
*Quincey & McDonald* and *Leon A. Wilson*, for movant.