## WILLIS *v.* FELTON, judge.

The certificate of a trial judge to a bill of exceptions complaining of a judgment which affirmatively appears to have been entered in exact compliance with a judgment of this court will not be compelled by mandamus.

*Argued February 15, — Decided March 3, 1904.*

Application for mandamus.

*R. D. Feagin* and *Hall & Wimberly*, for movant.
*Bacon, Miller & Brunson* and *W. C. Nottingham*, contra.

CANDLER, J.   Harrell brought an action in Bibb superior court against Willis, to dispossess him as a tenant holding over.   The jury found that the plaintiff was entitled to the possession of the premises sued for, and also returned a verdict in his favor for $264 double rent.   The case was brought to this court, where the judgment of the court below was affirmed on condition that the plaintiff, within ten days after the filing of the remittitur in the office of the clerk of the superior court, would "write off from the verdict all rent prior to the date of the demand for possession, to wit, October 9, 1902."   See *Willis* v. *Harrell*, 118 *Ga.* 906.   It was also held, in effect, that the plaintiff was entitled, under the evidence, to a verdict for double rent for the time elapsed since the date of demand for possession to the date of the verdict. When the remittitur reached the court below, counsel for the plaintiff filed the following paper:   "In compliance with the terms of the remittitur from the Supreme Court in this case, and within ten days after said remittitur is filed in this court, the plaintiff, J. W. Harrell, does hereby, through his counsel of record, write off from the verdict all rent prior to October 9th, 1902, and makes no further claim for such rent accruing prior to October 9th, 1902, said rent written off amounting to $227.34, and leaving the amount due said Harrell on said verdict the sum of $36.66."   Thereupon, over the objection of counsel for Willis, his honor Judge Felton passed an order making the judgment of the Supreme Court the judgment of the superior court, and further reciting that, "it being shown to the court that said J. W. Harrell has complied with the requirements of the judgment of the Supreme Court and written off and released from the verdict all rent prior to October 9th, 1902, it is hereby ordered that the

judgment of this court on said verdict do now proceed." Counsel for Willis then tendered to the judge a bill of exceptions to this court, complaining of this judgment on the ground, that, the verdict of the jury for double rent being, all of it, necessarily for rent accruing prior to the date of demand (which was also the date on which the proceeding to dispossess was begun), under the terms of the remittitur from the Supreme Court, in order for the judgment to be affirmed it was necessary for the plaintiff to write off the entire amount of the verdict. The bill of exceptions also recited that the amount of $36.66 not written off by the plaintiff "represented double rent from the date of the commencement of the proceedings to the date of the verdict." The judge refused to certify this bill of exceptions, and Willis petitioned this court for the writ of mandamus to require him to do so.

In order to reach a proper determination of this case it is necessary to construe, to a certain extent, the ruling of this court in the case of *Willis* v. *Harrell*, to which we have already referred. It is true that in that case the court instructed the jury that if they found that the defendant was a tenant holding over, the plaintiff would be entitled to recover double rent for four years next preceding the institution of the proceedings to dispossess, and that this charge was here held to be erroneous. It is also true that the amount found by the jury, $264, is the amount of double rent proved for four years. In the light of its holding, however, to the effect that the plaintiff was entitled to a finding for double rent from the date of demand, or filing of the suit, to the date of the verdict, it can hardly be seriously contended that this court intended to treat the finding of $264 as extending to the date of the institution of the proceedings and no further. We will not look to the charge of the court to determine the meaning of a verdict. *English* v. *State*, 105 *Ga.* 516. The finding of $264 was regarded as a sum in the abstract, without reference to dates, and it was the intention of this court to affirm the judgment of the court below, on condition that the plaintiff would write off from his verdict so much as would leave an amount representing double rent from the date of demand to the date of the verdict. It appears from the applicant's own showing that there was a literal compliance with this condition. The judge of the superior court, then, had no alternative but to enter the judgment which it is now

sought to bring to this court for review. It is universally held that there is no appeal from the judgment of a trial court rendered in accordance with the mandate of a higher court. 13 Enc. Pl. & Pr. 868, and authorities cited; and see especially Jenkins *v.* Guarantee Trust Co., 55 N. J. Eq. 798; Van Sickle *v.* Haines, 8 Nev. 164; Wilkins *v.* Earle, 46 N. Y. 358; Humphrey *v.* Baker, 103 U. S. 736. In the New York case cited it was held that "A judgment entered upon and in conformity with a remittitur from this court is not an actual determination of the court below." And where it affirmatively appears from the application for mandamus and the judge's response thereto that the judgment complained of in the bill of exceptions which it is sought to compel him to certify is in exact accordance with the judgment of this court in the same case, it would indeed be a vain thing for this court to require the judge below to grant a writ of error which is expressly foredoomed to dismissal. This case is, of course, clearly distinguishable from those where this court has held that it will, without inquiring into the merits of the case, issue a mandamus absolute to require a trial judge to certify the truth of a bill of exceptions complaining of the overruling of a motion for a new trial or of any ruling which necessarily controlled the verdict of the jury. It belongs rather to that class of cases where the merits of the question sought to be reviewed have already been determined, and a further consideration of them would be futile. To the first class of cases mentioned belongs *Taylor* v. *Reese,* 108 *Ga.* 379; to the latter *Malone* v. *Hopkins,* 49 *Ga.* 221; *Hanye* v. *Candler,* 99 *Ga.* 214; *Perry* v. *State,* 102 *Ga.* 381; *Cribb* v. *Parker,* 119 *Ga.* 298.

*Mandamus absolute denied. All the Justices concur, except Simmons, C. J., absent, and Cobb, J., dissenting.*

Совв, J. In my opinion this case is absolutely controlled by the ruling made in *Taylor* v. *Reese,* 108 *Ga.* 379, a decision by six Justices, which has never been overruled, criticised, or doubted. While the judgment which is sought to be excepted to is exactly in accordance with what was said and what was intended to be said in the case of *Willis* v. *Harrell,* and the bill of exceptions which the judge has refused to certify is wholly without merit, still, in accordance with the ruling in the case first above referred to, the question should be allowed to come to this

court in its orderly and regular way, and should not be determined on this application for mandamus. When the conclusion was reached that the answer of the judge in effect admitted that the bill of exceptions which he refused to sign was true in fact, no other course was, under the law, open to this court than to make the mandamus absolute, requiring the bill of exceptions to be certified. The only cases in which it is within the authority of this court to inquire into the merits of the questions raised by the bill of exceptions on the application for mandamus, where the judge has refused to sign the same, are those relating to the action of the judge on extraordinary motions for new trial in criminal cases, such as *Cribb* v. *Parker*, 119 *Ga.* 298, and cases which that followed. Without reference to whether it was upon sound reasoning, cases of this character have been made a class peculiar to itself, and taken out of the general rule requiring all cases to be brought to this court in a regular and orderly way. I do not think the present case can be brought within any reason which might be suggested for this class of cases, nor do I think that the court should, at this time, take another class of cases out of the old and established rule. The inevitable tendency of decisions like the present is to transfer all cases to the mandamus docket for disposition.