### CORDELE ICE COMPANY *v.* SIMS, and *vice versa.*

1. Where a judgment is affirmed with directions, the lower court must construe the same ; and if in so doing error is committed, the judgment is not void, but subject to correction on review.
2. The judgment having been affirmed with direction that the plaintiff be permitted to cure the defect as to misjoinder of causes of action and misjoinder of parties defendant, and an amendment with that end in view having been presented and allowed, the case remained pending in the court, which thereafter had jurisdiction to require the strengthening of a bond given under an existing order appointing a receiver unless good security was given.
3. There was no abuse of discretion by the trial judge in requiring the bond to be strengthened, or, in default thereof, appointing a receiver.

Argued May 10, — Decided June 9, 1904.

Equitable petition. Before Judge Littlejohn. Dooly superior court. April 1, 1904.

To the facts stated in the opinion it is sufficient to add the following: By the amendment the plaintiff dismissed the petition as to Mrs. Sims and Blackwell, administrator, and as to Hill, Ryals, and Parker as individuals, so that the case should proceed only against the Cordele Ice Company, and against Hill, Ryals, and Parker as directors and stockholders of the Cordele Ice Company; and dismissed so much of the petition as sought to recover from the Company certain piping, pumps, tools, etc., or their value. The order of the court thereon was as follows: "It appearing to the court that the plaintiff, S. R. Sims, has amended his petition so as to cure the misjoinder of causes of action and also misjoinder of parties defendant: whereupon it is ordered, considered, and adjudged by the court that the judgment of the Supreme

Court, as contained in the remittitur hereto attached, be and the same is hereby made the judgment of this court, and that said cause stand for trial upon the petition as thus amended." In his subsequent petition the plaintiff stated, that in pursuance of the order of the court made January 5, 1903, appointing Palmer receiver and providing that the appointment should be vacated on the defendants giving a good and solvent bond to be approved by the court, conditioned to pay whatever amount the plaintiff might recover as rent or damages, the defendants entered into a bond, with certain sureties named, to which bond the plaintiff objected at the time it was given, on the grounds, that certain of the sureties were a partnership and not authorized to go upon the bond as security, that it was not signed by each member of the firm but only by one of them, who was a defendant in the case, that another of the sureties was a corporation without authority under its charter to execute the bond as surety, and that the other sureties were parties defendant; that when these objections were made, counsel for the defendants stated that they would make the bond satisfactory, but this was not done; that soon thereafter the case was dismissed on demurrer, and no furthur effort was made at that time to have the bond strengthened or to have the receiver take charge of the property ; that in compliance with a judgment of the Supreme Court reversing the judgment of dismissal, and before the entry of the remittitur in the court below, the plaintiff amended his petition; that the effect of the amendment, in dismissing the case as to certain of the defendants, might be to discharge from liability the sureties on the bond; that whether this would release the sureties or not, the bond was not a good and solvent bond as required by the terms of the order of court, not only for the reasons stated in the objections made at the time of the approval of the bond, but for the additional reason that Mrs. Sims and Blackwell were insolvent; that the season for manufacturing ice was beginning, and it was important that some disposition be made of the ice machine and plant ; and that the property was worth $2,000 a year for rent, which sum the plaintiff offered to pay for the year 1904; wherefore he prayed that the order of January 5, 1903, be put in force, and that the receiver be required to take charge of the property and insure, care for, and rent it. The court required that copies of this petition be served on the

Cordele Ice Company and Hill, Ryals, and Parker. The Cordele Ice Company demurred and answered, contending that the plaintiff had not complied with the direction of the Supreme Court as to striking parties defendant; that under that judgment the case should have proceded against the Cordele Ice Company alone; and that the plaintiff having failed to comply therewith, the judgment dismissing the petition was unconditionally affirmed, and there was no case in court and nothing to authorize the retention of the receiver or the strengthening of the bond. The court, after hearing evidence, passed an order providing that the defendants be allowed ten days in which to strengthen the bond by adding good and solvent sureties, to be approved by the court, and that on failure to do so, Palmer "is hereby appointed as receiver and ordered to take charge of said property described in the original petion, preserve the same, and rent said property to the best advantage." The Cordele Ice Company excepted to this order, as well as to the order directing that the cause stand for trial on the petition as amended. The plaintiff filed a cross-bill of exceptions, assigning as error so much of the order in regard to the appointment of a receiver as made the appointment depend on the failure to strengthen the bond.

*J. T. Hill* and *Whipple & McKenzie,* for Cordele Ice Company. *Allen Fort & Son, James Taylor,* and *E. A. Hawkins,* contra.

LAMAR, J. The petition of S. R. Sims against the Cordele Ice Company, Hill, Parker, Ryals, Mrs. G. R. Sims, and T. L. Blackwell as administrator of G. R. Sims was met by a demurrer on the grounds that it set out no cause of action, and that there was a misjoinder of causes of action and a misjoinder of parties defendant. The judge of the superior court, after argument thereon, sustained the demurrer and dismissed the equitable petition. This court held that the petition set out a cause of action, but that the special demurrer should have been sustained because there was a misjoinder of causes of action and of parties defendant. It affirmed the judgment of the lower court, with directions that the plaintiff be allowed to meet the objections raised by the special grounds of the demurrer, and that upon his doing so the case stand for trial as thus amended, and upon his failure to do this the judgment below be unconditionally affirmed. 119 *Ga.* 597. On the return of the

remittitur (unaccompanied by the full opinion). the plaintiff presented an amendment which undertook to comply with the directions of this court. In response to an inquiry by the judge, counsel for the Cordele Ice Company stated that they had no objection to the amendment offered, which was thereupon allowed, and on the next day an order was taken that the case stand for trial at the succeeding term. With the petition thus amended the plaintiff subsequently presented to the judge in vacation an application to make effective a previous order in reference to the appointment of a receiver. On this hearing the defendants insisted that the amendment taken did not comply with the directions given by this court, and therefore that an unconditional affirmance and a dismissal of the suit followed. They except to the order appointing a receiver under what the ice company claims was an equitable petition no longer in court.

1. Where a judgment is affirmed with directions, it may frequently be necessary for the lower court to construe such directions. In that event the judgment of the lower court stands upon the footing of any other order passed in the cause. If it is erroneous, it is subject to correction by appropriate proceedings, but "the failure of the lower court on remand to follow the order of the appellate court does not render the action of the lower court void." 13 Enc. Pl. & Pr. 848 ; *Willis* v. *Felton,* 119 *Ga.* 634. If, therefore, striking the names of Hill and the other persons named as defendants in their individual capacity and retaining them in their capacity as directors and stockholders of the company was not a compliance with the direction given, it was an erroneous and not a void judgment. The case still remained in court. This is not only a general rule, but such result was peculiarly appropriate here, where the ice company's attorneys stated that they had no objection to the amendment.

2. Certainly a fast writ will not lie to the order permitting the petition to be amended. If the exception to the order allowing the amendment and retaining the case be to a ruling which, as claimed by the defendant, would have been final, the bill of exceptions should have been made returnable to the next term of this court. Civil Code, § 5526.

3. If we consider it as a fast bill of exceptions assigning error on the order appointing a receiver, it is sufficient to say that the

court had already passed upon the necessity of the appointment of a receiver; that the ice company had not excepted thereto; that it had given a bond; that it had recognized that the bond was probably defective or needed strengthening; and the company has no cause to complain of the continued opportunity to avoid a receivership by giving proper security. The record suggests nothing which indicates error on the part of the court in this regard.

Nor does the cross-bill of the plaintiff show any reason for interfering with the judgment of the court in allowing the ice company to give the bond in lieu of having the property placed in the hands of a receiver. In the first place, Sims applied for such appointment when his suit was originally begun. Palmer was appointed receiver if within a time specified the defendants failed to execute the bond required. There was no exception to the terms of that order, which practically remained in abeyance because subsequently the case was dismissed on general demurrer. On the return of the remittitur and the filing of the amendment retaining the case in court the existing order as to the receivership or bond became fully effective. The plaintiff was bound by the state of the record, and was not entitled to more than good security. A receivership is not intended to be better than an action of ejectment or trover, so as to take property from a defendant claiming title and right of possession. The defendant's solvency makes the court treat him as a quasi receiver, the property in such cases being regarded as in safe hands. *Huggins* v. *Huggins,* 117 *Ga.* 160. "Receivers are not appointed as matter of right, but to preserve rights." Id. 152 (6). And the reluctance of the court on interlocutory orders to interfere with the possession of property is such that in most cases it regards the giving of a good and solvent bond as meeting the equities of the case as fully as would the change of possession on the appointment of a receiver.

*Judgment on the main and cross-bill of exceptions affirmed. All the Justices concur.*