(No. 1083, August 31, 1905.)

GEORGE W. CHAMPION, Appellant, v. ALFRED W. RICE, Appellee.

### SYLLABUS.

An order of the District Court made in obedience to a mandate issued out of this court is not reviewable by appeal; and this court will not consider such an appeal only so far as is necessary to determine whether the order of the District Court follows the mandate, and if it is found to do so, the appeal will be dismissed.

Appeal from the district court of Bernalillo county. before B. S. Baker, Associate Justice. Affirmed.

F. W. Clancy, for Appellant.

All that this court decided on the former appeal as to Champion's rights, was that his intervening petition was insufficient.

In equity cases petitions of intervention should contain all the material facts relied upon, and should show a right to the particular relief asked by the petitioner, and must show a case of substantial equity.

Champion v. Rice.

Empire Distilling Company v. McNulty, 77 Fed. 703; French v. Grapen, 105 U. S. 519; Robinson v. Allen, 85 Va. 729-730; Black v. Bush, 7 B. Mon. 211; Hanover Bank v. Klein, 64 Miss. 149-150; Olson v. Morrison, 29 Mich. 397; Washburn v. Goodman, 17 Pick. 527-530; Innes v. Lansing, 7 Paige Ch. 583; Updike v. Doyle, 7 R. I. 458.

Champion's new petition sets forth substantial equities and conforms to the views of this court.

Book v. Justice Co., 38 Fed. 828; Insurance Co. v. Lathrop, 63 Fed. 510; Davison v. Associates, 71 N. Y. 340; Baird v. Mayor, 74 N. Y. 385-6; Walsh v. Tyler, 47 S. W., 310; Jones v. Keen, 115 Mass. 180; Freeland v. Wright, 28 N. E. 678; Parker v. Nickerson, 137 Mass. 489, 493; Brown v. Iron Co. 134, U. S. 534; Reynes v. Dumont, 130 U. S. 395.

Simple contract creditors have equities as to assets of a partnership in the custody of a court of equity, and can assert them in that court.

Parsons on Partnership, 344 to 347 and note; Harmon v. Clark, 13 Gray, 121; Allen v. Center Valley Co. 21 Conn., 134-138; Case v. Beauregard, 99 U. S. 124-5; Robinson v. Allen, 85 Va. 729-30; Black v. Bush 7 B. Mon. 211; Arnold v. Hagerman, 45 N. J. Eq. 203-4; Case v. Beauregard, 101 U. S. 690; Turner v. Adams, 46 Mo. 95; Olson v. Morrison, 29 Mich. 397; Washburn v. Goodman, 17 Pick 527-30; Tillinghast v. Champlin, 4 R. I. 189-90; Innes v. Lansing, 7 Paige's Ch. 583; Warring v. Robinson—Hoffman's Chancery, 524; Williamson v. Wilson, 1 Bland 430; Holoway v. Turner, 61 Md. 220; Updike v. Doyle, 7 R. I. 458; Jackson v. Lahee, 114 Ill. 287.

W. B. CHILDERS, for Appellee.

The action of the lower court in dismissing the cause

in accordance with the mandate of the Supreme Court is not appealable.

> United States v. Fremont, 18 How. 36; Stewart v. Salamon, 97 U. S. 362; Humphries v. Baker, 103 U. S. 536; Mackell v. Richards, 116 U. S. 46; Aspen Mining Co. v. Billings, 150 U. S. 31; Ex-Parte Story, 12 Peters 339; 3 Notes 740.

When the direction contained in the mandate is precise and unambiguous, it is the duty of the circuit court to carry it into execution, and not to look elsewhere for authority to change its meaning.

> West v. Brashear, 14 Peters 54.

It is too late to question the jurisdiction of the circuit court after the return of a mandate from the circuit court of appeals.

> Billings v. Aspen Mining Company, 53 Fed. 561; Skillem v. Mays, Exec. 6 Cranch 267; Sibball v. United States, 12 Peters 488; United States v. New York Indians, 173 U. S. 473.

A simple contract creditor of a co-partnership cannot intervene in a suit to settle partnership affairs in a territory.

> Rice v. Schofield, 9 N. M. 314; Flournoy v. Bullock, 66 Pac. 547; Crary v. Field, 61 Pac. 118; 19 Ency. Pl. & Pr. 53; The Washington Bridge Co. v. Stewart, 3 How. 424-5; Browder v. McArthur, 7 Wheat. 58; Peck v. Sanderson, 18 How. 41; Himley and Rase, 15 Cranch, 413; Great Western Tel. Co. v. Burnham, 162 U. S. 342.

After a mandate, no rehearing will be granted.

> Legg v. Overbaugh, 4 Wend. 188; 21 Am. Dec. 118.

The dismissal of the main case before this appeal was perfected finally and effectually disposed of this case.

A court of equity cannot make a stranger a party to a suit without the consent of the plaintiff in the absence of a statute authorizing it.

Champion v. Rice.

> 11 Ency. Pl. & Pr. 151; 66 Pac. 549;
> Lauz v. Gordon (C. C.) 28 Fed. 264; Alder
> v. Fenton, 24 How. 407, 16 L. Ed. 696; Scott
> v. Neeley, 140 U. S. 106; Tube Works v.
> Ballon, 146 U. S. 517; Hollins v. Iron Co.,
> 150 U. S. 731; Cates, v. Allen, 149 U. S. 451.

The intervening petition asked for a personal judgment against the complainant, Rice, and that was what the court gave. In such a case it is the duty of the court to dismiss the bill.

> Lewis v. Cocks, 23 Wall 470; Morris v.
> Gilver, 129 U. S. 324; Shreveport v. Cole,
> Id. 37; Snow v. U. S., 118 U. S. 354; Cannon v. United States Id. 355.

### OPINION OF THE COURT.

MANN, J.—This cause has been before this court twice before in different forms (Rice v. Schofield, 9 N. M. 314; Flournoy, et al., v. Bullock, et al., 66 Pac. 547.) In the latter case a mandate was issued out of this court to the district court of Bernalillo county, the command of which said mandate is as follows: ·

"Now, therefore, you are hereby commanded to reinstate said cause upon your docket and sustain the first exception of Appellant Rice, to the report of the referee, and *dismiss the intervention.*"

The mandate was filed in the office of the district clerk of said Bernalillo county, on March 1, 1902, and on said day an order was entered and filed reinstating said cause on the docket of said court, sustaining the first exception of said Alfred W. Rice, to the report of the referee in said cause of Rice v. Schofield, et al., and dismissing the intervention. Proceeding, the order of the court below, after dismissing the intervention, says: "And thereupon the said Champion, by his said attorney, prays the court for leave to file a petition herein, to conform to the views of said Supreme Court as set forth in its opinion in pursuance of which judgment was entered in that court directs that notice of such application be served ·on counsel for said Alfred W. Rice for the time prescribed

by the rules of the court, together with a copy of the proposed petition which said Champion desires to file."

On November 5, 1902, the court granted appellant leave to file an amended petition of intervention, conforming, as was claimed by the appellant, to the views of the Supreme Court in the opinion in Rice v. Schofield, 66 Pac. 547.

On February 29, 1904, the district court entered an order dismissing the amended petition of intervention filed under the order of November 5, 1902, and from said order dismissing the amended petition of intervention, appellant appeals to this court.

We are of the opinion that the order of the district court dismissing the intervention, being in the exact words of the mandate of this court, was final, and to all intents and purposes the same as though it had been made directly by this court. Stewart v. Salamon, 97 U. S., 362; U. S. v. Fremont, 18 How. 36; Humphrey v. Baker, 103 U. S. 736; MacKall v. Richards, 116 U. S. 47.

In Stewart v. Salamon, supra, the supreme court of the United States, speaking through Mr. Chief Justice Waite, says: "This is an appeal from a decree entered upon our mandate. No complaint is made as to its form, and it seems to be in all respects according to our directions. The effort of the appellant was to open the case below and to obtain leave to file new pleadings, introducing new defenses. This he could not do. The rights of the parties in the subject matter of the suit were finally determined upon the original appeal, and all that remained for the circuit court to do was to enter a decree in accordance with our instructions and carry it into effect."

The above quotation appears to fit the case at bar, exactly.

The mandate in this cause was clear and unambiguous. Champion's status was established by the judgment of this court on the former appeal, and his effort was "to open the case below and obtain leave to file new pleadings introducing new defenses." The order of the lower court followed the mandate verbatim; and we think that when the intervention was so dismissed the lower court was powerless to act further in the case.

Insurance Co. v. Mercantile Co.

That an appeal will not lie from an order of the lower court in accordance with the mandate from the appellate court seems to be the universal rule and supported by numerous authorities.     Ex-parte Story 12 Peters, 339; Aspen Min. Co., v. Billings, 150 U. S. 31; West v. Brasheor, 14 Peters 54; Clark v. Keith, 106 U. S. 464; and many others.

The judgment of the lower court dismissing the intervention is affirmed.

William J. Mills, C. J., Frank W. Parker, A. J., John R. McFie, A. J., Wm. H. Pope, A. J., concur.

Abbott, A. J., took no part in this decision.