(July 10, 1922.)

THOMAS RYAN, Appellant, v. OLD VETERAN MINING
    COMPANY, a Corporation, F. H. HARPER, and the
    Following Named Persons Individually and as Directors
    and Officers of Said Defendant Corporation, Namely,
    M. J. FARRELL, ALLAN G. KENNEDY, ED
    EHRENBERG, B. J. FARRELL, and L. L. BRAIN
    ARD, Respondents.

[207 Pac. 1076.]

APPEAL — MOTION TO DISMISS — MOTION TO STRIKE TRANSCRIPT —
    AMENDED PLEADING—ORIGINAL PLEADING—PROOF OF FILING DATE
    OF.

1. When an amended pleading has been filed, and no question
is raised as to the original, the latter must not be put in the
transcript.

2. The filing date of the original pleading is properly made
part of the transcript, when that date is rendered material, by
the fact that the adverse party pleads that the action is barred
by the statute of limitations.

APPEAL from the District Court of the First Judicial
District, for Shoshone County. Hon. Albert H. Feather-
stone, Judge.

Motion to dismiss appeal, strike transcript and part of
transcript. *Denied.*

Isham N. Smith, and Therrett Towles, for Appellant.

The third amended complaint in this case superseded the
original complaint and subsequent amended complaints filed
prior to the filing of said amended complaint; it dated back
to the time of the filing of the original complaint; and all
prior complaints to the third amended complaint ceased to
perform any further function after the filing of the third
amended complaint, and the pleadings prior to the filing of
the third amended complaint were therefore no part of the
judgment-roll in this case and no part of the transcript on
appeal. (*People v. Hunt*, 1 Ida. 433; *Wooddy v. Jamieson*,
4 Ida. 448, 40 Pac. 61; *Warren v. Stoddard*, 6 Ida. 692, 59

Pac. 540; *Andrews v. Moore,* 14 Ida. 465, 94 Pac. 579; *Armstrong v. Henderson,* 16 Ida. 566, 102 Pac. 361; *McFadden v. Ellsworth etc. Min. Co.,* 8 Nev. 57; *Barber v. Reynolds,* 33 Cal. 497.)

C. W. Beale, for Respondents.

The transcript on appeal does not contain all of the judgment-roll made and entered in the lower court upon the dismissal of this case. The language, "Original complaint filed Sep. 30, 1919 at 12:15 P. M.," is no part of the judgment-roll and was improperly and without authority of law or the rules of this court incorporated into the transcript on appeal. (C. S., secs. 6901, 6683, 6833, 7166, subd. 1; Sup. Ct. Rule 32; *Coon v. Sommercamp,* 26 Ida. 776, 787, 146 Pac. 728.)

McCARTHY, J.—This is an appeal from a judgment of dismissal rendered after the court had sustained a demurrer to the third amended complaint. One of the grounds of demurrer was that the action was barred by the statute of limitations. The transcript contains the third amended complaint, but not the original. It contains the date of filing the original complaint, to wit: September 30, 1919. Respondents move to dismiss the appeal, to strike the transcript, and strike the date of filing the original complaint on the ground that the transcript does not contain a copy of the entire judgment-roll, and that said filing date is not a proper part of the judgment-roll or of the record on appeal.

When an amended complaint is filed, it takes the place of the original, and all subsequent proceedings in the case are based upon the amended pleading. (*People v. Hunt,* 1 Ida. 433; *Warren v. Stoddard,* 6 Ida. 692, at 701, 59 Pac. 540; *Armstrong v. Henderson,* 16 Ida. 566, 102 Pac. 361.) When an amended pleading has been filed and no question has been raised as to the original pleading the latter must not be put in the transcript. (*Warren v. Stoddard, supra.*) In the present case no question is raised as to the original pleading itself. The only fact in connection with it, which

is pertinent to this appeal, is the date of its filing.  C. S., sec. 7163, requires the appellant to furnish a copy of the judgment-roll, and C. S., sec. 6901, provides that the pleadings are a necessary part of it.  These statutes, however, should be given a sensible construction, which will carry out the purpose clearly intended, and not a construction which will put the litigants to much useless trouble and expense.  We conclude that, since the amended complaint takes the place of the original, the filing date on the original complaint pertains to the amended complaint, even though it be not indorsed on it, and is a proper part of the judgment-roll.  We conclude, further, that this transcript which contains the amended complaint and the filing date of the original complaint is a substantial compliance with the statute.

The motions to dismiss the appeal and to strike are denied.

Rice, C. J., and Dunn and Lee, JJ., concur.