February 7, 1927.)

BENEWAH CREEK IMPROVEMENT LAND AND LOG-GING COMPANY, a Corporation, Respondent, v. MIL-WAUKEE LUMBER COMPANY, a Corporation, and FRED HERRICK, Appellants.

[253 Pac. 625.]

APPEAL AND ERROR—DECREE OF LOWER COURT MUST CONFORM TO JUDGMENT OF SUPREME COURT.

Appeal from decree rendered against defendants, after reversal and remand with direction to enter judgment in accordance with views expressed in opinion, will be dismissed as to a defendant as to whom the decree conforms to the mandate, and as to a defendant as to whom the decree does not so conform the cause will be remanded, with directions for amendment of the decree.

APPEAL from the District Court of the Eighth Judicial District, for Benewah County. Hon. Edgar C. Steele, Judge.

Motion to dismiss appeal. *Dismissed as to defendant Milwaukee Lumber Company; remanded as to defendant Fred Herrick.*

Ezra R. Whitla and W. D. Keeton, for Respondent.

There is no appeal from a judgment entered in accordance with the decision of the supreme court upon a reversal of

Publisher's Note.

See Appeal and Error, 4 C. J., sec. 3218, p. 1183, n. 37; sec. 3307, p. 1243, n. 71, 74.

43 Idaho—34

the original judgment. (*Patten Paper Co. v. Green Bay & M. Canal Co.,* 93 Wis. 283, 66 N. W. 601, 67 N. W. 423; *Rochester v. Seattle R. & S. Ry. Co.,* 75 Wash. 559, 135 Pac. 209; *Apex Transp. Co. v. Garbade,* 32 Or. 582, 52 Pac. 573, 54 Pac. 367, 882, 62 L. R. A. 513; *Champion v. Rice* (N. M.), 82 Pac. 359; *Vansickle v. Haines,* 8 Nev. 164; *Wilson v. Bates,* 21 Colo. 115, 40 Pac. 351; *Elder v. Wood,* 54 Colo. 236, 130 Pac. 323; *Heinlan v. Beans,* 73 Cal. 240, 14 Pac. 885.)

Court will not entertain second appeal; if error in decree, court will direct the lower court to make correction. (*Champion v. Rice, supra; Krantz v. Rio Grande Western Ry. Co.,* 13 Utah 1, 43 Pac. 623, 32 L. R. A. 828.)

Ed. S. Elder, for Appellant Lumber Company.

The remedy of the defendants as against the judgment entered Sept. 28, 1926, is an appeal therefrom. (*McGinness v. Stanfield,* 7 Ida. 23, 59 Pac. 936; *Randall v. Duff,* 104 Cal. 126, 43 Am. St. 79, 37 Pac. 803; *Howell v. Howell,* 101 Cal. 115, 35 Pac. 443; *Krantz v. Rio Grande Western Ry. Co.,* 13 Utah 1, 43 Pac. 623, 32 L. R. A. 828; *Utah Assn. of Credit Men v. Home Fire Ins. Co.,* 36 Utah, 20, 102 Pac. 631; *Recketson v. Compton,* 23 Cal. 635; *Stewart v. Salamon,* 97 U. S. 361, 24 L. ed. 1044; *Perkins v. Founiquet,* 55 U. S. 313, 14 L. ed. 435; *In re Sanford Fork & Tool Co.,* 160 U. S. 247, 16 Sup. Ct. 291, 40 L. ed. 414; *Metcalf v. City of Watertown,* 68 Fed. 859, 16 C. C. A. 37; *Malmgren v. Phinney,* 65 Minn. 25, 67 N. W. 649.)

T. BAILEY LEE, J.—Upon a former appeal this cause was, on December 30, 1925, reversed and remanded, with direction to the trial court to enter judgment in accordance with the views expressed in the opinion. (*Benewah Creek etc. Co. v. Milwaukee Lbr. Co.,* 41 Ida. 783, 242 Pac. 793.)

On September 28, 1926, final decree and order for mandatory injunction in favor of respondent were made and entered. Defendants thereafter took separate appeals. Respondent has moved to dismiss the same upon the ground

that an appeal cannot lie from a judgment entered in conformity with the directions of the appellate court.

The appellant, Milwaukee Lumber Company, contends that the judgment and order appealed from failed in divers respects to conform to the court's mandate. We have carefully examined our former opinion, together with the decree, order and contract involved, and are of the opinion that the contention is not sustained.

Appellant, Fred Herrick, complains that the decree and order by their terms impose upon him certain unwarranted personal and individual liabilities, since he is no party to the contract and has no interest in the codefendant company, his principal, other than that of president and manager. We think his position correct.

The appeal of the Milwaukee Lumber Company is dismissed, and as to the appellant, Herrick, the cause is remanded to the lower court, with direction to amend its decree and order in consonance with the memorandum attached hereto. Costs to respondent.

Wm. E. Lee, C. J., and Budge, Givens and Taylor, JJ., concur.

MEMORANDUM OF AMENDMENTS AND CORREC-
TIONS DIRECTED IN CONNECTION WITH THE
FOREGOING OPINION.

By substituting the word, "defendant," for the word, "defendants," in line one of paragraph one on page two, and by striking out of line two thereof the words, "and Fred Herrick."

By substituting the words, "defendant, Milwaukee Lumber Company," for the word, "defendants," in lines one and two of paragraph two on page two.

By substituting the words, "defendant Milwaukee Lumber Company," for the word, "defendants," in lines one and five of paragraph three on page three.

Points Decided.

By substituting the words, "defendant, Milwaukee Lumber Company," for the word, "defendants," in line, seven of paragraph one on page four.

By substituting the words, "defendant, Milwaukee Lumber Company," for the word, "defendants," in line one of paragraph two on page four, substituting the words, "it hereby is," for the words, "they hereby are," in line two thereof, substituting the words, "defendant is," for the words, "defendants are," in line four thereof, and by substituting in line six thereof the words, "defendant be and it hereby is," for the words, "defendants be and they hereby are."