(No. 4974.   March 31, 1927.)

GONZAGA UNIVERSITY, a Corporation, Appellant, v. LULU MASINI, and LULU MASINI, as Administratrix of the Estate of CAESAR MASINI, Deceased, Respondent.

[255 Pac. 413.]

APPEAL AND ERROR—JUDGMENT FOLLOWING DECISION—WHEN NOT APPEALABLE — UNDERTAKING ON APPEAL — VALIDITY — APPEALABLE ORDER.

1. Where judgment contained nothing but what would necessarily follow from supreme court's judgment reversing former judgment, no appeal will lie therefrom.

2. Where attack is made on appeal bond on ground that it is in violation of C. S., secs. 5008, 5009, and 5103, requiring foreign surety bond to be written only through licensed agents residing in state, appellant has duty of justifying by producing documentary proof of authority, and, on failure to do so, loses protection of his bond.

3. Order of court denying motion for disallowance of defendant's memorandum of costs is appealable, precluding appeal from subsequent order apparently made through inadvertence denying such motion.

---

Publisher's Note.
3. Right to appeal from decree involving costs, see note in 6 Ann. Cas. 101.

See Appeal and Error, 3 C. J., sec. 92, p. 345, n. 87; sec. 375, p. 539, n. 42; sec. 1205, p. 1143, n. 14; sec. 1210, p. 1147, n. 65.

APPEAL from the District Court of the Eighth Judicial District, for Kootenai County. Hon. W. F. McNaughton, Judge.

Motion to dismiss appeals. *Sustained.*

James F. Ailshie, for Respondent.

The pretended undertaking on appeal and *supersedeas* bond was absolutely void. (C. S., secs. 5008, 5009, 5103; *Numbers v. Rocky Mountain Bell Tel. Co.,* 7 Ida. 408, 63 Pac. 381.)

Lynn W. Culp, for Appellant.

The undertaking is not defective in form or insufficient either as an appeal bond or *supersedeas.* (*Muncey v. Security Ins. Co.,* 42 Ida. 782, 247 Pac. 785.)

T. BAILEY LEE, J.—Plaintiff appealed from "the whole and every part" of a judgment made and entered against it and in favor of defendants by the district court of Kootenai county on October 6, 1926, and from the order of the court signed on December 9th and filed on December 11, 1926, denying plaintiff's motion to strike and disallow defendants' memorandum of costs and disbursements.

Respondents move to dismiss both appeals, contending that the judgment appealed from is one entered in conformity with the opinion of this court heretofore rendered in this cause in 42 Ida. 660, 249 Pac. 93, reversing the judgment of the lower court; that the undertaking on appeal was executed without authority and is null and void, and that the order denying plaintiff's motion to strike defendants' cost bill is not appealable.

[1] No transcript or brief on appeal has as yet been filed in this court. In their brief upon the motion to dismiss, respondents aver that with respect to the judgment appealed from "no other or different judgment could have been entered and conformed with the legal effect of the

opinion of this court as entered upon the first appeal and reported in 42 Ida. 660.'' Appellant submits no particular wherein such judgment departs from the views expressed in the reversing opinion, and is absolutely silent upon the issue. A certified copy of the judgment accompanies the motion, and with it we find no fault. There being nothing in the judgment but what would necessarily follow this court's former judgment, no appeal will lie. (*Benewah Creek Improv. Land & Logging Co. v. Milwaukee Lbr. Co.,* 43 Ida. 529, 253 Pac. 625.) The undertaking on appeal shows on its face that it was executed by the nonresident president and vice-president of a New York corporation, and countersigned by C. N. Woods, designated as ''Coeur d'Alene Agent.'' The only record of the company's having appointed local agents is a power of attorney filed by the surety company in the county recorder's office on November 8, 1921. The name of C. N. Woods does not appear therein. Defendant duly excepted to the sufficiency of the undertaking, evidently relying upon the language of *Numbers v. Rocky Mountain etc. Tel. Co.,* 7 Ida. 408, 63 Pac. 381:

''It is argued on behalf of the appellant that the execution of said surety bond in lieu of the original undertaking on appeal answered the requirements of the statute as to justification of sureties upon the original undertaking or new sureties, for which reason the district court erred in dismissing the appeal. We do not think so. Under the provisions of the act of February 23, 1899 (see Acts 1899, p. 337), surety companies who comply with the requirements of said act are qualified to execute undertakings upon appeal. But when an undertaking executed by such surety company is offered in an inferior court in lieu of an original undertaking on appeal from such court to the district court, which has been excepted to on the ground of insufficiency, it must be accompanied by *prima facie* evidence showing that the surety company which executes it has complied with the provisions of the act of February 23, 1899.''

That part of the act of 1899 referred to has been incorporated in C. S., Title XXXVIII, c. 201, and is found

particularly in secs. 5008, 5009, and 5103, the sum and substance of which is that foreign surety bonds must be written only through licensed agents residing within the state. In the notice of exception served upon appellant, it was specifically alleged:

"That the said C. N. Woods who purported to countersign the said pretended undertaking as 'agent' had no authority, either by power of attorney from the said National Surety Company of New York, or under the laws of the state of Idaho, to execute or countersign any such bond or undertaking, and that he was not licensed, under the laws of the state of Idaho, to execute such, or any, bond on behalf of the National Surety Company of New York," and that: "The said National Surety Company of New York has furnished no certificate or evidence of its qualification under the statute to execute such an undertaking, or of the appointment and licensing of any agent or agents authorized to represent it in the execution of such an undertaking, that will serve as or take the place of a justification of sureties."

[2] As soon as the attack was made, the duty devolved upon appellant to have the surety company justify by producing documentary proof of authority; and this was not done. There is no burden upon a respondent demanding justification. The statute gives him the right to demand it; and the appellant must comply or lose the protection of his bond.

[3] It appears that on September 29, 1926, before the entry of the judgment appealed from, appellant filed its motion to strike and disallow defendants' memorandum of costs. On October 6, 1926, after argument of counsel upon appellant's motion to tax defendants' costs, the court did strike some of the items and entered his order taxing the total at $154.15. On December 9, 1926, through apparent inadvertence, the court made a further order denying appellant's motion of September 29th. It is from this order filed December 11th that the appeal was taken on December 23, 1926. The order of October 6th taxing costs, in effect,

denied appellant's motion for disallowance. That such was the court's intention clearly appears from the recitation in the order itself. This order is appealable. (*Webster-Soule Farm v. Woodmansee,* 36 Ida. 520, 211 Pac. 1090.)

It therefore follows that no appeal can lie from the subsequent order of December 9th. The motion to dismiss both appeals is sustained. Costs to respondent.

Wm. E. Lee, C. J., and Budge and Givens, JJ., concur.

Taylor, J., did not sit.