*F. E. Strickland, solicitor,* contra.

## FICKLING *v.* MELDRIM, Judge.

No. 7137. APRIL 10, 1929.

*H. Mercer Jordan,* for the applicant.

ATKINSON, J. Where a defendant, after conviction of murder, makes a second motion for new trial upon extraordinary grounds based on alleged newly discovered evidence, and service of such motion is duly acknowledged by counsel for the State, and the motion for new trial is thereafter overruled, and a bill of exceptions complaining of the judgment overruling the motion for new trial is duly presented to the judge and certified to be true, but the judge refuses to grant a supersedeas to prevent execution of the defendant until after the case has been disposed of by the Supreme Court, this court will grant a writ of mandamus, upon application of the defendant, requiring the judge to grant a supersedeas as above indicated. And it is so ordered in this case.

HINES, J., dissenting. 1. "This court will not by mandamus compel a judge to certify a bill of exceptions assigning error upon the refusal of the judge to entertain an extraordinary motion for a new trial, and grant a rule nisi thereon, when it appears that such motion is without merit." *Harris* v. *Roan,* 119 *Ga.* 379 (6) (46 S. E. 433). This is so for the reason that it would be doing a vain thing to make a mandamus absolute requiring the judge to certify a bill of exceptions which is without merit. If the judge does certify such bill of exceptions without granting a supersedeas, and the defendant asks this court to require him by mendamus to grant such supersedeas, upon like principle this court will decline to make the mandamus absolute where there is no merit in the extraordinary motion for new trial.

2. Where a defendant is convicted of murder, and his motion for a new trial is overruled by the trial judge, and the case is brought to this court upon writ of error to review such judgment, and the judgment overruling the motion for new trial is affirmed by this court, and thereafter the defendant makes an extraordinary motion for new trial, which the judge overrules, this court should examine the record to determine whether there is merit in the extraordinary motion for new trial; and if it appears that there is no substantial merit in the extraordinary motion for new trial, this court should not require the trial judge by mandamus to grant a supersedeas, or in the exercise of its jurisdiction will not grant a supersedeas. It appears from the extraordinary motion for new trial in this case that the motion is without merit, for reasons which need not be stated. See *Cribb* v. *Parker,* 119 *Ga.* 298 (46 S. E. 110). I am authorized to say that Mr. Presiding Justice Beck concurs in this dissent.