(No. 5789. October 26, 1932.)

BLAINE COUNTY INVESTMENT COMPANY, a Corporation, Appellant, v. ROBERT G. MAYS et al., Respondents.

[15 Pac. (2d) 734.]

Peterson & Clark, for Appellant.

F. J. Cowen and Irvine, Skeen & Thurman, for Respondents.

BUDGE, J.—On October 3, 1930, this court issued its *remittitur* in the case of *Blaine County Investment Co. v. Mays,* 49 Ida. 766, 291 Pac. 1055, directing the trial court to modify the judgment theretofore entered in the lower court in the particulars specified in the opinion of this court and the *remittitur.* Thereafter, on June 11, 1931, the trial court made and entered a supplemental decree reciting that the same was ''made and entered in the said cause in conformity . . . . with the decision and mandate of said Supreme Court,'' in which it amended and modified the original findings and conclusions of law by amending one finding and one conclusion of law and adding a new finding, and amended and modified the original decree by amending two paragraphs thereof and adding two new paragraphs thereto.

The following order appears following the supplemental decree and a part thereof, to wit:

''Order: The Clerk of the above entitled District Court is hereby ordered and directed to record the foregoing amendments, modifications and substitutions as a part of the original judgment herein, and he is further directed to note on the said original Findings, Conclusions, and Judgment at the paragraphs which have been amended hereby, a reference indicating that changes have been made in said Judgment and directing attention to this modified Judgment as the same may appear upon his records.''

The following notation appears after the above order:

''Entered and docketed Book 2 Orders and Decrees, page 55. June 16, 1931.''

In the transcript the clerk's certificate indicates that the supplemental judgment was properly entered.

Blaine County Investment Company has appealed "from that certain order and judgment dated June 11, 1931, filed June 16, 1931, entitled 'Decree modifying the original decree to conform to *remittitur* from Supreme Court'" and also "from the findings and conclusions of the District Court upon which said decree is predicated."

Taking up first the attempted appeal from the findings and conclusions, the written findings of fact and conclusions of law filed with the clerk constitute the decision of the court within the meaning of C. S., sec. 6866 (*Caldwell v. Wells*, 16 Ida. 459, 101 Pac. 812; *Stewart Min. Co. v. Ontario Min. Co.*, 23 Ida. 724; *Smith v. Faris-Kesl Const. Co.*, 27 Ida. 407, 150 Pac. 25), and the term "decision" does not mean the judgment. (*Caldwell v. Wells, supra.*) C. S., sec. 6867, provides that judgment *upon the decision* must be rendered accordingly. A judgment is the final determination of the rights of the parties in an action or proceeding. (C. S., sec. 6826.) As the judgment is based upon the decision, i. e., the findings of fact and conclusions of law, it follows that such findings and conclusions cannot be considered as a final judgment or order within the meaning of C. S., sec. 7152, from which an appeal will lie, and the attempted appeal therefrom is therefore dismissed.

Respondent has moved to dismiss the appeal from the order quoted above on the ground that the same is not an appealable order. Such order amounts to nothing more than a direction to the clerk to enter up the supplemental decree and to make appropriate references thereto upon the original findings, conclusions and decree. An order directing entry of judgment is not an appealable order within the meaning of C. S., sec. 7152, subd. 2. (*Durant v. Comegys*, 3 Ida. 67, 35 Am. St. 267, 26 Pac. 755; *Bissing v. Bissing*, 19 Ida. 777, 115 Pac. 827; *Hodgins v. Harris*, 4 Ida. 517, 43 Pac. 72; *Santti v. Hartman*, 29 Ida. 490, 161 Pac. 249; *Witty v. Wells*, 39 Ida. 20, 225 Pac. 1020; *White v. Stiner*, 36 Ida. 129, 209 Pac. 598.) The appeal from the order should be dismissed and it is so ordered.

██ Respondent has also moved to dismiss the appeal from the supplemental decree on the ground that the same is not a final judgment upon which an appeal will lie, and contends that if in fact the clerk complied with the order with respect to the supplemental decree, the same became a part of and merged in the original decree, and it was necessary for appellant to appeal from the original decree as amended, and that it could not appeal from the modified portion alone. However, C. S., sec. 6899, provides that:

" . . . . a judgment shall be deemed to be entered when, being duly rendered, it is deposited in the office of the clerk of the court with the proper officer for entry, and upon such deposit the clerk shall indorse upon such judgment the date of the filing of the same under or following the word 'entered.' "

In view of the fact that the supplemental decree bears a notation of entry and filing as above pointed out, the same is deemed properly entered. The certificate of the clerk would also indicate that the supplemental judgment has been properly entered. If it be contended that the supplemental decree is but a part of the judgment, an appeal may be taken from a part of a final judgment, C. S., sec. 7153, providing that "an appeal is taken by filing with the clerk of the court in which the judgment or order appealed from is entered, a notice stating the appeal from the same, *or some specific part thereof.* . . . . " See, also, *McClain v. Lewiston Interstate etc. Assn.*, 17 Ida. 63, 20 Ann. Cas. 60, 104 Pac. 1015, 25 L. R. A., N. S., 691), which is separable from the remainder. (8 Bancroft's Code Prac., sec. 6267, p. 8325.) The parts of the judgment here modified and amended are separable. On the other hand, the original decree cannot be amended or modified by valid proceedings to date back to the date of the original decree, so as to deprive a party of a right to review or attack the judgment, as amended, which he did not have under it as originally entered. (14 Cal. Jur. 1008; *Spencer v. Troutt,* 133 Cal. 605, 65 Pac. 1083.) As also stated in 14 Cal. Jur., p. 935, sec. 42:

"It hardly requires argument or authority to establish the proposition that a court cannot, by antedating an order or the entry of it, cut off the right of a party to move for a new trial, to move to set aside the judgment, or to appeal. These rights given by the code, are not lost by such action whether that effect was designed or not. The test in such cases, as to whether the period in which a party must act has elapsed is whether he could have obtained the desired review or relief before the *nunc pro tunc* order was made."

Applying the above test to the instant case, appellant could not have obtained a review of the modifications and amendments upon an appeal from the original judgment before the supplemental judgment was entered. The foregoing rule recognizes the exceptions in the case of correction of clerical errors in the judgment, and as in the case of *Mountain States Implement Co. v. Arave,* 50 Ida. 624, 2 Pac. (2d) 314, where the order vacating the judgment was held void. The motion to dismiss the appeal from the supplemental judgment should be and the same is hereby denied.

Respondent has moved to dismiss the appeal from the supplemental judgment upon the further ground that appellant has failed to furnish in his transcript certain papers required by C. S., sec. 7163, which provides:

"On an appeal from a final judgment the appellant must furnish the court with copy of the notice of appeal, of the judgment roll and of any bill of exceptions or reporter's transcript prepared and settled as prescribed in section 6886, upon which the appellant relies, and of all papers, records and files designated in the praecipe filed by appellant with the clerk of the district court."

The transcript contains the following: *Remittitur* and opinion of this court, supplemental decree and order, notice of and undertaking on appeal, praecipe and clerk's certificate. Respondent insists that the transcript does not contain the judgment-roll. C. S., sec. 6901, provides that the judgment-roll shall contain, among other things, the pleadings, a copy of the findings of the court, or referee, and a

copy of the judgment. In other words, it is contended that appellant should have included in its transcript the pleadings, reporter's transcript, and original judgment in order to comply with C. S., sec. 7163. The questions involved in this case have already been decided and the cause remanded with directions to make certain modifications in the findings, conclusions and decree. This appeal is taken for the purpose of determining whether the trial court complied with such mandate and it is only necessary for appellant to bring up to this court in its transcript such records as will enable this court to determine the question. The transcript need contain only so much of the proceedings as have taken place subsequently to the remandment of the cause. (4 C. J. 437.) The record on a prior appeal in the same case in the same court is judicially noticed by the latter. (23 C. J. 111.) The record upon the previous appeal is voluminous and to have included it within this transcript would have burdened the appellant with considerable unnecessary expense and would have been of no substantial benefit to this court in disposing of the question presented. As was said in *Ryan v. Old Veteran Min. Co.*, 35 Ida. 637, 207 Pac. 1076, 1077, referring to C. S., secs. 6901 and 7163:

"These statutes, however, should be given a sensible construction, which will carry out the purpose clearly intended, and not a construction which will put the litigants to much useless trouble and expense."

See, also, *Fischer v. Davis*, 24 Ida. 216, 225, 133 Pac. 910. The motion to dismiss the appeal from the supplemental judgment on the above ground is denied.

 Where an appellate court remands a cause to the trial court with instructions to modify the judgment in certain particulars in accordance with the views expressed in the opinion, upon the making of such modification or amendment questions may arise as to whether the language used by the trial court in its amended judgment correctly expresses or conforms to the mandate of the appellate court. This necessitates an examination of the record. If, upon such examination it is determined that the man-

date has been complied with, the appeal will be dismissed. (*Benewah Creek etc. Co. v. Lumber Co.*, 43 Ida. 529, 253 Pac. 625.) Or, as held in *Gonzaga University v. Masini*, 44 Ida. 113, 255 Pac. 413, where the judgment contained nothing but what would necessarily follow from the supreme court's judgment reversing the former judgment, no appeal will lie therefrom and the appeal will be dismissed, citing with approval *Benewah Creek etc. Co. v. Lumber Co., supra.* To like effect, see *Vansickle v. Haines*, 8 Nev. 164; *Elder v. Wood*, 54 Colo. 236, 130 Pac. 323; *Champion v. Rice*, 13 N. M. 236, 82 Pac. 359; *Berlin & Lepori v. Mattison*, 81 Or. 482, 159 Pac. 1167. But if, upon such examination it is determined that the mandate of the appellate court has not been complied with, an appeal will lie and the cause will be remanded with directions for the amendment of the decree. (*Benewah Creek etc. Co. v. Lumber Co., supra; Crews v. Bird*, 141 Okl. 143, 285 Pac. 132.) It is said in Bancroft's Code Practice, vol. 8, p. 8402, sec. 6341:

"Generally, no appeal lies from judgment of district court in substantial compliance with the mandate of the appellate court, . . . . However, . . . . where there is a question whether or not the lower court has entered the judgment directed, the judgment entered on a *remittitur* is appealable."

Coming now to the merits of this appeal, we have examined the original opinion and also the amendments, substitutions, corrections and additions incorporated into the original findings, conclusions and judgment for the purpose of determining whether the trial court complied with the mandate of this court. Such mandate directed that the trial court's decree should be modified (1) to more adequately protect the Taylor rights; (2) to grant an injunction in favor of the two Hawleys and Little, and (3) if it has not been attended to, to order an immediate correction of the diversion works to protect the early rights. The trial court substantially, and we think adequately, complied with the mandate of this court in the matters directed, except that in connection with the Taylor right. In this respect, by its amendment, the trial court decreed that the 5.5 second-feet awarded

to the Blaine County Investment Company as salvaged water in the case of *Basinger v. Taylor*, 36 Ida. 591, 599, 211 Pac. 1085, 1087, as a prior right ''to the rights of the individual appellants and of the respondents'' was made a subsequent right. In *Basinger v. Taylor, supra*, this court said:

''We conclude that the judgment should be modified so as (1) to decree to the corporate appellant (Blaine County Irrigation Company, Ltd., predecessor in interest of Blaine County Investment Company) 5.5 second-feet of the water of Dry Creek, being the amount of water formerly lost from said creek between the intake of the pipe-line and the individual appellants' point of diversion and saved by the construction of the pipe-line, this right to be prior to the rights of the individual appellants and of the respondents.''

The judgment should be corrected in this respect, and when so corrected will be affirmed. No costs allowed.

Lee, C. J., and Givens, Varian and Leeper, JJ., concur.