(Nos. 5706 and 6054.   March 10, 1934.)

IDAHO GOLD DREDGING CORPORATION, a Corporation, Respondent, v. BOISE PAYETTE LUMBER COMPANY, a Corporation, Appellant.

[30 Pac. (2d) 1076.]

Hawley & Worthwine and Luther W. Tennyson, for Respondent.

Alfred A. Fraser and Richards & Haga, for Appellant.

RICE, D. J.—On October 20, 1930, judgment was entered in the district court in favor of the plaintiff, the respondent here, and against the defendant, appellant here. It will be convenient to refer to the parties as plaintiff and defendant.

On October 25, 1930, the defendant filed notice of motion for a new trial. On January 12, 1931, defendant perfected an appeal from the judgment by serving and filing notice thereof and the required undertaking. On February 24, 1931, the district court granted the motion for a new trial. Thereafter, on April 23, 1931, plaintiff appealed from the order granting a new trial and on March 6, 1933, the supreme court reversed the order of the district court granting a new trial and ordered the judgment reinstated. On June 1, 1933, the district court, pursuant to the mandate of the supreme court, entered its order reinstating the judgment. On June 6, 1933, the defendant perfected a second appeal. The defendant took no action to bring up to the supreme court the record on its appeal of January 13, 1931, other than to file its *praecipe* with the clerk and procure and serve an order directing the reporter to prepare a

transcript of the evidence and proceedings at the trial within ninety days. Both the *praecipe* and the order for reporter's transcript were filed in due time. The plaintiff now moves to dismiss both appeals.

Defendant insists that its appeal of June 6, 1933, which will be referred to as the second appeal, and which it refers to as an appeal from a new or reinstated judgment, has been regularly perfected and should not be dismissed. There is no new judgment. The *remittitur* from the supreme court transmitting its judgment in the matter of the new trial, directed the trial court to reinstate the judgment. Pursuant to that direction the district court entered the following order:

"NOW THEREFORE, Upon application and motion of counsel for plaintiff for judgment in conformity with the mandate of said Supreme Court, IT IS ORDERED AND ADJUDGED, that the said decree of the said Supreme Court of the State of Idaho, be, and the same hereby is made the decree of this court, and it is further ordered and adjudged that the said order of this court heretofore entered herein on the 24th day of February, A. D. 1931, granting a new trial and vacating and setting aside the said judgment for the said plaintiff, be and the same hereby is vacated, set aside and held for naught, and the said judgment for the said plaintiff heretofore entered herein on the 20th day of October, A. D., 1930, be, and the same hereby is, reinstated as of the 20th day of October, A. D., 1930, the date of its original entry."

This is not in any sense a judgment, nor is it a renewal of the judgment or a re-entry thereof. The reinstatement necessarily refers to the original judgment as of the date of its original entry. Neither is it an appealable order after judgment. It is a literal compliance with the direction of the supreme court. Where a district court acts strictly in compliance with the mandate received from the supreme court, its action is not subject to appeal. (*Gonzaga University v. Masini,* 44 Ida. 113, 255 Pac. 413; *Blaine County Investment Co. v. Mays,* 52 Ida. 381, 15 Pac. (2d) 734.)

If any controversy should arise as to the rate of interest to be computed upon the judgment by reason of the enactment of chapter 197 of the 1933 Session Laws, since the judgment was entered, that controversy does not arise out of the order of reinstatement and is not involved in this appeal.

■ We consider the second notice of appeal as referring only to the original judgment of October 20, 1930. If that construction is correct, the second appeal is too late. If the notice of appeal can be construed to refer to the order of reinstatement, it is an attempt to appeal from a nonappealable order. The second appeal will be dismissed.

■ Plaintiff contends that when it has shown that all of the questions involved in an appeal from the judgment have been decided on an appeal from an order granting a new trial, the appeal from the judgment should be dismissed, and the plaintiff insists that that is the condition that exists in this case. The plaintiff refers to the specifications of error contained in defendant's brief on appeal from the judgment already filed in this court to bear out this contention. However, this court may grant an appellant the privilege of amending his brief by inserting new and additional specifications of error and has, upon occasions, permitted such amendments to be made. Also it would be sufficient to state that in order to determine whether the specifications of error now contained in the brief on file present any new questions not heretofore decided, would require an inquiry, to some extent, into the merits of the case, and that this court will not do in considering a motion for dismissal. In addition to that, there are certain questions presented on appeal from a judgment which cannot be considered in reaching a decision upon a motion for a new trial. The fundamental questions as to whether the complaint will support the judgment, or whether the judgment grants relief beyond the issues submitted to the court for decision, are brought up for review in all appeals from final judgments and are not waived by failure of appellant to refer to them in the specifications of error.

(*Western L. & B. Co. v. Gem State Lumber Co.*, 32 Ida. 497, 185 Pac. 554; *Talbot v. Collins*, 33 Ida. 169, 191 Pac. 354.) We consider that this ground for dismissal is not well taken.

▮▮▮▮▮ In this case the appeal was perfected in due time. Also the *praecipe* was filed and the order for transcript was served on the reporter in due time. The question presented is whether or not the action of the trial court in granting a new trial tolled the running of the time fixed by statute and the rules of the court in which to prepare and file in this court the record on appeal, or furnishes sufficient excuse for the delay.

The defendant insists that an order granting a new trial tolls the time for proceeding with the record on appeal from the judgment until *remittitur* is filed, and cites as authority several early California cases, among others, *Knowles v. Thompson*, 133 Cal. 245, 65 Pac. 468; also cases from other jurisdictions. Reference may be made to the case of *Fagerdahl v. North Coast Transp. Co.*, 175 Wash. 600, 28 Pac. (2d) 107. The plaintiff in opposition cites *Puckhaber v. Henry*, 147 Cal. 424, 81 Pac. 1105; *Kline v. Murray*, 79 Mont. 530, 257 Pac. 465, and other cases.

A new trial is defined by statute to be a "Reexamination of an issue of fact in the same court after a trial and decision by a jury, or court, or by referees." (I. C. A., sec. 7–601.) Proceedings to obtain a new trial therefore are limited to an examination of the proceedings had at the trial. Upon a motion for a new trial the court cannot consider any questions which arose preceding the trial, that is to say, questions as to the propriety of granting or overruling demurrers to a pleading, striking or refusing to strike pleadings or portions thereof, or as to whether the complaint is sufficient to support the judgment, since all such questions arise before trial. If a party seeking a new trial is content to pursue that remedy alone he may very properly omit taking an appeal from the judgment. If, on the other hand, he considers that there are errors in the judgment-roll, or errors which occurred preceding the trial

which operate to his detriment, and which he wishes to have reviewed, he must appeal from the judgment. Proceedings for a new trial and appeals from judgment are independent remedies. Both remedies may be pursued at the same time or either may be pursued without the other. (*Miller v. Prout,* 32 Ida. 728, 187 Pac. 948.) The pendency of a motion for new trial leaves a judgment which will support a direct appeal and does not extend the time in which to prepare and file the record on such appeal. (*Miller v. Prout, supra; Walton v. Clark,* 40 Ida. 86, 231 Pac. 713.) If on an appeal from a judgment the judgment is affirmed the court still has power, under the statute, to grant a new trial and set aside the judgment even though affirmed on appeal, but if a judgment should be reversed upon appeal, granting a new trial is of no practical benefit since reversal of a judgment upon appeal of itself calls for a new trial, unless the appellate court otherwise disposes of the action, and if the appellate court on appeal should dispose of the action, granting a new trial will not reinstate it.

The remedies by appeal from a judgment and by motion for a new trial being separate and distinct, and the results of each remedy being as above outlined, it is apparent, we think, that proceeding for a new trial does not toll the running of the time for preparing and filing the record on appeal from a judgment. Of itself alone such proceedings are not sufficient excuse for delay.

The later cases in this court have been to the effect that delays in preparing and filing the record on appeal will not be sufficient reason for dismissing the appeal unless respondent has been prejudiced by reason thereof. (*Clayton v. Barnes,* 52 Ida. 418, 16 Pac. (2d) 1056; *Idaho State Merchants' Protective Assn. v. Roche,* 53 Ida. 115, 22 Pac. (2d) 136; *Bales v. General Ins. Co. of America,* 53 Ida. 327, 24 Pac. (2d) 57.) Of course this principle does not apply where the motion to dismiss is based on strictly jurisdictional grounds. The decisions above referred to necessarily lead to the conclusion that the statutes and rules fixing the time in which the record on appeal must be

prepared, settled and filed, are not strictly jurisdictional. (*Five Point Garage v. Purdum,* 50 Ida. 43, 293 Pac. 319.) In this case the appeal was perfected in January, 1931. The trial court in due time ordered a new trial and in due time the plaintiff appealed from the order. More than two years elapsed before this court decided that the order granting a new trial should be reversed and the judgment reinstated. During practically all of that time the plaintiff knew that the defendant had done nothing in the way of preparing or serving its record on appeal from the judgment.

Upon the reinstatement of the judgment by the district court, pursuant to the order of this court, the parties stipulated that the record previously prepared by the plaintiff, could be used as the record on appeal from the judgment against the defendant. The plaintiff, it is true, reserved all its rights to move for a dismissal. Four months more elapsed before the plaintiff filed its motion for dismissal. In the meantime the defendant had incurred the labor and expense of preparing and filing its brief on appeal from the judgment. It was suggested at the argument that the reason for this delay was that the plaintiff desired to examine the specifications of error in defendant's brief in order to determine whether those specifications presented any new questions not theretofore decided by this court. In other words, it seems that the plaintiff delayed moving to dismiss the appeal during the last four months in the hope that a new and additional ground for dismissal would be furnished by defendant's brief on appeal from the judgment. If the plaintiff was being prejudiced by the delay in preparing and serving the transcript on appeal during all of this time, no one would know that fact better than the plaintiff itself. Certainly the plaintiff cannot claim any prejudice for the last four months. Silence by a respondent often amounts to a tacit invitation to the appellant to undergo the labor and expense of preparing and filing the record. Fair play demands that if one party must be diligent, the other party should exercise corresponding diligence.

When the grounds for a dismissal, except on purely jurisdictional grounds, have become apparent, the respondent should seasonably move to dismiss the appeal. From the record in this case we cannot say that the plaintiff has been prejudiced by the delay, at least in any manner in which it has not acquiesced.

The motion to dismiss the appeal from the judgment entered October 20, 1930, should be denied, and it is so ordered.

Givens, Morgan, Holden and Wernette, JJ., concur.