258 P.2d 755

**PAPINEAU v. IDAHO FIRST NAT. BANK. No. 7921.**

Supreme Court of Idaho.

June 16, 1953.

Felton & Jones, Lewiston, for appellant.

Cox, Ware & Stellmon, Lewiston, for respondent.

TAYLOR, Justice.

Appellant, as plaintiff below, alleged that on March 26, 1949, he deposited in the defendant bank the sum of $1150 and received a deposit slip therefor; that the amount was never credited to his account and that the defendant refused to pay it to him on demand. The respondent, defendant below, denies that the deposit claimed was ever made. The cause was tried to a jury, resulting in a verdict and judgment for the defendant, February 29, 1952. Thereafter the plaintiff filed a motion for a new trial, alleging as grounds therefor:

"1. Accident or surprise which ordinary prudence could not have guarded against;

"2. Newly discovered evidence material for the plaintiff which he could not with reasonable diligence have discovered and produced at the trial." (See § R–10–602 I.C.)

Explanatory of the affidavits and counter-affidavits presented on the issue of a new trial, it is noted that upon the trial the plaintiff introduced in evidence a carbon copy of a deposit slip purporting to evidence the deposit of $1150 under date of March 26, 1949, and purporting to be signed by the teller, who received the deposit, with the initials "V. O." The teller identified by such initials appears to be one Victoria Olsen. As a witness at the trial she testified she did not receive the deposit, and denied that

any part of the writing or the initials on the disputed slip was in her handwriting or written by her; that she had acted as teller at the bank and had used the initials "V. O." on deposit slips made by her prior to April, 1946, and that subsequent to April, 1946, she used the initial "V"; that she was head bookkeeper, in which capacity she served on March 26, 1949, and that on that day she did not act as teller. The three persons who did act as tellers that day were called and each testified that he did not receive the claimed deposit. Defendant also introduced its pertinent records indicating that it did not receive or credit the deposit.

In support of his motion for a new trial, plaintiff filed his own affidavit alleging:

"That prior to the trial of the cause he had no proof as to who, if any person, in the bank, used the initials 'V. O.', Victoria Olsen and the bank officials having represented to him that she, Victoria Olsen, did not use the initials 'V.O.' but instead used the initial 'V' in her banking business; that upon the trial of the cause various specimens of handwriting signed 'V. O.' were acknowledged by Victoria Olsen to be her handwriting, and that such specimens of handwriting are identical with the handwriting upon plaintiff's exhibit one;

"That upon the trial of the cause Victoria Olsen and other bank officials testified that Victoria Olsen prior to 1946 had used the initials 'V.O.' in her banking business and that after such date she had not used the initials 'V. O.' but had used the initial 'V'; that all of this was a surprise to plaintiff, and contrary to the information given to him and to his counsel by banking officials, and was such a surprise as could not have been guarded against;"

and that after the acknowledgment of various specimens of handwriting, it is now possible to connect Victoria Olsen with the initials "V.O." upon banking business both prior and subsequent to 1946; that plaintiff now has in his possession "banking matters signed 'V.O.' by Victoria Olsen subsequent to 1946 and subsequent to the time of the making of the deposit slip, plaintiff's exhibit one;" that all of such matters are material; that if they had been known and acknowledged to the plaintiff prior to the trial, and had been known to the plaintiff at the time of the trial "it would likely have changed the course of the trial;" and that the verdict, being by nine of the twelve jurors, this additional information "will change the course of a new trial."

Counter-affidavits were made by Victoria Olsen, the three tellers, the manager and the assistant manager of the bank, each averring that he did not have any conversation with, or give any information to, or make any representation to, plaintiff or either of his attorneys, nor did the plaintiff or either of his attorneys, prior to

the trial, inquire of the affiant, with respect to the use of the initials by Victoria Olsen or any person in the bank, or with respect to the use of the initials "V." or "V.O."

In response to these counter-affidavits, plaintiff filed the affidavit of J. H. Felton, one of his counsel. This affidavit alleges in effect, that prior to the filing of the action, at a meeting in his, affiant's, office, Elmer Nelson (manager of defendant), Victoria Olsen and affiant being present, he inquired of them regarding the use of the initials "V.O." in the bank, and was informed that no officer or employee of the bank used such initials; that he informed them he had deposit slips bearing such initials and that if he could identify some handwriting of the person who used the initials he would obtain an examination of the disputed instrument; that upon being informed there was no person in the bank using the initials "V.O." he was unable to identify samples of handwriting for examination; that later he offered, if such samples could be obtained, to submit the disputed instrument to an expert to determine who wrote ·it, and that he would stipulate that if the instrument was genuine defendant should pay Mr. Papineau the named amount, but if the instrument was not genuine the suit would be dismissed; this offer was refused; that by the representations of said persons he was lead to believe that no one in the bank used initials "V.O." and was diverted to searching for some other person; that upon the trial he first learned that Victoria Olsen used the initial "V." at the time mentioned in the disputed instrument and had previously used the initials "V.O."; that directly after the trial it was found that Victoria Olsen had used the initials "V.O." after the date of the disputed instrument; that during the trial there came into the hands of the plaintiff sufficient authenticated information upon which to base the opinion of a handwriting expert; that directly after the trial a motion for a new trial was filed, and a petition made to the court to permit the withdrawal of the authenticated samples of the handwriting of Victoria Olsen and the disputed instrument, for the purpose of sending same to a handwriting expert; that this request was resisted by the defendant and refused by the court; that thereafter affiant photographed the instruments and submitted the photographs to a handwriting expert "and now, being informed, so far as a person may be informed, without the expert making an exacting examination of the disputed instrument itself, and believes, and informs the court, that contrary to the testimony of Victoria Olsen, * * * the disputed instrument is all in the handwriting of Victoria Olsen, and that if a new trial is allowed, proof can be offered by the plaintiff to the effect that such instrument was written en· tirely by Victoria Olsen."

In response to the foregoing affidavit of plaintiff's counsel, Marcus J. Ware, of counsel for the defendant, by affidavit avers, that he was present in the meeting in Felton's office and that no inquiry was made by Felton of either Elmer Nelson or Victoria Olsen regarding the use of the initials "V.O." in the bank; that at said meeting, being asked by affiant and Nelson if he would permit the alleged deposit slip to be examined by a handwriting expert, Felton offered to permit it to be examined by Stanley McDonald of Portland, Oregon, provided the bank would pay the travel expenses of Felton and wife to Portland, with the disputed document, for the purpose of such examination; which expense affiant for the bank declined to pay. Later, Felton, in a conversation with affiant, prior to filing of the action, offered to submit the disputed instrument to a handwriting expert, namely Stanley McDonald, provided the bank would "stipulate and agree in advance to be bound by the decision of the handwriting expert, which stipulation, of course, this affiant was unable to agree to in behalf of said bank."

The motion was heard and determined by the court, and this appeal is from the order entered June 10, 1952, denying a new trial.

■ There appears in the record under date of March 8, 1952, a petition by counsel on behalf of the plaintiff, asking the trial court for an order directing the clerk to return to the plaintiff all of the plaintiff's exhibits. Written objections were filed to this petition by defendant's counsel. This petition was denied by order dated March 13, 1952.

The making of this order is assigned as error. However, since no appeal was taken from the order, it is not before us for review. §§ 13–201, 13–219, I.C.; 5 C.J.S., Appeal & Error, § 1496.

Appellant's remaining assignment of error is as follows:

"The Court erred in refusing to grant plaintiff's motion for new trial, for the reason that newly discovered evidence which could not have with reasonable diligence been procured by the plaintiff on the trial had been discovered, and for the reason that the defendant's witnesses testified contrary to prior statements made by them for the purpose of preventing the case from being effectively tried upon the merits."

■ The genuineness of the deposit slip was directly put in issue by the pleadings. A party cannot claim surprise from the admission of testimony, competent, relevant and material to the issues framed by the pleadings. Haydon v. Branson, 33 Idaho 368, 195 P. 545; Cupples v. Zupan, 35 Idaho 458, 207 P. 328. Moreover, the witnesses concerned have positively denied giving the alleged misinformation.

"The general rule is that in order to warrant the granting of a new trial on the ground of newly discovered evidence it must appear (1) that the evidence is such as will probably change the result if a new trial is granted; (2) that it has been discovered since the trial; (3) that it could not have been discovered before the trial by the exercise of due diligence; (4) that it is material to the issues; and (5) that it is not merely cumulative or impeaching." Livestock Credit Corp. v. Corbett, 53 Idaho 190, at page 198, 22 P.2d 874, 877.

Friedman Bag Co. v. F. E. Baldwin & Co., 57 Idaho 607, 68 P.2d 43.

■ It appears from the affidavit of appellant's counsel that before the action was brought, he was advised the deposit slip was questioned, and that examination by a handwriting expert might be advisable. The instrument was in the possession of his client (according to his testimony) from its date. On the trial he produced a number of copies of deposit slips bearing the initials "V." and "V.O.", purporting to have been written by the witness Victoria Olsen, and some of which she acknowledged on the witness stand. These are variously dated as far back as 1945, and presumably have been in plaintiff's possession from their date to the time of the trial. Nowhere does plaintiff say that he made any effort to have any of these instruments acknowledged by the witness, or to procure any other exemplar of her handwriting, before the trial. The showing is that no evidence has been discovered since the trial which was not available to the plaintiff, by reasonable diligence, before the trial. Moreover, the newly discovered evidence is not set out—only its effect is averred, and this on information and belief. Mr. Felton's affidavit infers that he has been informed by an unnamed handwriting expert that the disputed instrument is in the handwriting of Victoria Olsen. No affidavit of such witness is produced, nor is any excuse or reason given for not producing such an affidavit. Under such circumstances it is entirely speculative as to whether the appellant would be able to produce the alleged newly discovered evidence. Such a showing is entirely insufficient to justify vacation of the judgment. Lillienthal v. Anderson, 1 Idaho 673; Hall v. Jensen, 14 Idaho 165, 93 P. 962; Smith v. Schwartz, 14 Cal.App.2d 160, 57 P.2d 1386; Buchanan v. Burgess, 99 Colo. 307, 62 P.2d 465; Slemons v. Paterson, 14 Cal.2d 612, 96 P.2d 125; 66 C.J.S., New Trial, § 184 b.; 39 Am.Jur., New Trial, § 162.

The motion for a new trial was properly denied. Stolz v. Scott, 28 Idaho 417, 154 P. 982; Applebaum v. Stanton, 47 Idaho 395, 276 P. 47; Stone v. Matthies, 49 Idaho 277, 287 P. 951; Scott v. Watkins, 63 Idaho 506, 122 P.2d 220; Baldwin v. Ewing, 69 Idaho 176, 204 P.2d 430;

Fredricksen v. Luthy, 72 Idaho 164, 238 P.2d 430.

The order appealed from is affirmed. Costs to respondent.

PORTER, C. J., and GIVENS, THOMAS. and KEETON, JJ., concur.