327 P.2d 366

STATE of Idaho, on relation of Roscoe C. RICH, Leonard K. Floan and David P. Jones, Idaho Board of Highway Directors and Graydon W. Smith, Attorney General, Plaintiffs-Respondents,

v.

Joseph L. HANSEN and Thelma Hansen, his wife, Donald H. Wyckoff and Phyllis Wyckoff, his wife, and First Federal Savings and Loan Association of Coeur d'Alene, an Association, Defendants-Appellants.

No. 8575.

Supreme Court of Idaho.

July 1, 1958.

Herman J. Rossi, Wallace, Michael J. Hemovich, Robert E. Stoeve, Spokane, Wash., Carver McClenehan & Greenfield, Boise, for appellants.

Graydon W. Smith, Atty. Gen., Wm. R. Padgett, Asst. Atty. Gen., for respondents.

PORTER, Justice.

Respondents brought these proceedings on February 13, 1956, to condemn part of a tract of land belonging to appellants for use as right-of-way for a state highway. Appellants answered the complaint and the cause went to trial before the court sitting without a jury. The only contested issue in the case was as to the amount of damages to be awarded appellants. The court entered judgment of condemnation in favor of respondents and awarded damages to appellants in the sum of $7,000. Appellants have appealed to this court from such judgment.

The tract of land in question owned by appellants contained 8.85 acres and prior to the condemnation proceedings was north of and adjacent to the City of Coeur d'Alene in Kootenai County. After the condemnation proceedings were commenced this tract of land was platted and incorporated in the City of Coeur d'Alene. The judgment in this action condemns a parcel of land containing 3.21 acres on the south end of such tract. In addition, .69 acres lying between the south line of the condemned land and the south line of such tract is completely severed and has been made worthless to appellants. This makes a total of 3.90 acres taken from the 8.85 acres, leaving appellants 4.95 acres after the taking.

Appellants' first assignment of error is that the trial court erred in awarding the defendants a sum not to exceed $7,000 together with their costs. Appellants contend that the award of $7,000 by the trial court as damages for the taking of the land and severance damages was so inadequate as to constitute clear and palpable mistake.

Appellants called two witnesses who had examined and appraised the property to testify as to the amount of damages suffered by appellants. The first witness was Joe Hansen, Jr., the son of appellants, Joseph L. Hansen and Thelma Hansen.

He testified that he was thirty years of age and had been in the real estate business in Coeur d'Alene for approximately three years. He testified that the tract of land was purchased by his parents for the approximate sum of $10,000 in 1953. He fixed the value of the 8.85 acres prior to the condemnation proceedings as $41,250 and the value of the remainder after the taking of the condemned land as $13,400 and fixed a total damage to appellants in the sum of $27,850.

The second witness called by appellants to testify as to the damages sustained by appellants was Jacob Schwartz of Spokane, Washington. This witness had been in the real estate business for thirteen years. He had done some appraising in the State of Washington. He appraised the tract in question and fixed the value of such tract prior to the condemnation proceedings as the sum of $37,400. He fixed the value of the property remaining after the condemnation proceedings as the sum of $17,650 and fixed the damages of appellants at the sum of $19,750.

Appellant, Joseph L. Hansen, Sr., testified that in his opinion the tract of land was worth between $60,000 and $70,000 prior to the filing of the condemnation proceedings, and that the remaining portion of the tract after the taking of the condemned land was of the value of $13,000.

Appellant, Donald H. Wyckoff, testified that prior to the condemnation proceedings he could see the tract as having a total value of $90,000. He further testified that after the condemnation, the remainder of the tract was worth between $13,000 and $14,000.

Respondents called two experienced appraisers who had examined the tract of land in question to testify as to the damages sustained by appellants. The first witness was Ralph W. Watson, a member of a professional real estate appraisal association. After an investigation this witness appraised the property prior to the condemnation proceedings as having a value of $11,000. He fixed the value of the 4.95 acres remaining to appellants after the taking by respondents as the sum of $5,000. He fixed the damages to appellants in the sum of $6,000. The second expert witness called by respondents was J. G. Adams whose qualifications as an expert appraiser were admitted by appellants. He made an examination and appraisal of the property in question and fixed the value of the same prior to the condemnation proceedings as the sum of $13,275. He fixed the value of the land remaining to appellants as the sum of $7,425. He testified that the fair compensation to appellants would be the sum of $5,850.

■■ The allowance by the trial court of the sum of $7,000 damages to appellants is greater than the damages testified to by witnesses for respondents, and less than the damages testified to by witnesses for appellants. Such award by the trial court is not subject to the criticism that it was so inadequate as to constitute clear and palpable mistake. This finding of fact by the trial court as to the amount of damages is sustained by competent, substantial, though conflicting, evidence and will not be disturbed on appeal. Shellhorn v. Shellhorn, Idaho, 326 P.2d 64, and cases collected and cited therein.

■ The second assignment of error by appellants is that the trial court erred in failing to award damages for improvements placed upon the land. After appellants knew that the course of the proposed state highway in question would be across their tract of land but before the actual condemnation proceedings were started, appellants purchased and moved upon the condemned land two barracks type buildings. These buildings were not placed upon foundations nor in any way attached to the land. The witness, Ralph W. Watson, testified concerning such buildings as follows:

"Q. What was the condition of the property at the time you made your appraisal? A. It was vacant but there had been a couple of barracks type buildings pulled onto the land and put up on blocks and just left there. Weren't attached to the land, just on blocks.

"Q. For all purposes it was vacant land? A. I considered it as vacant land."

Respondents did not claim to be condemning such buildings. The appraiser for appellants, Jacob Schwartz, and the appraisers for respondents did not appraise or consider the two buildings, and treated such buildings as personal property. The appraiser for appellants, Joe Hansen, Jr., testified that in addition to damage for the taking of their land, appellants would suffer damage of $2,000 by the taking of the buildings. The trial court found in effect that such buildings were personal property and were not being condemned by respondents and in the judgment entered in the cause directed that appellants remove such buildings from the condemned land. We find no error of the trial court in this respect.

■ The third and last assignment of error is that the trial court erred in denying defendants' motion for a new trial. An examination of the Notice of Appeal in this action shows that it is an appeal from the judgment made and entered by the court on February 6, 1957. Nowhere in the Notice of Appeal is mentioned the order denying appellants' motion for a new

trial. There is but one Notice of Appeal appearing in the transcript.

An order denying a motion for new trial is an appealable order under the provisions of Section 13–201, I.C. The method of taking such appeal is prescribed by Section 13–202, I.C., which provides for the filing of a Notice of Appeal with the clerk and service of same upon the adverse party. The record on appeal from an order denying a motion for new trial is prescribed by Section 10–607, I.C., and must show the papers used by the trial court on the hearing of the motion for new trial.

An appeal from an order denying a motion for new trial is a·separate and distinct proceeding from an appeal from the judgment. The two are independent remedies. Idaho Gold Dredging Corporation v. Boise Payette Lumber Co., 54 Idaho 270, 30 P.2d 1076. In the absence of an appeal from the order denying the motion for new trial, this court cannot consider such order and pass upon its correctness. In Evans v. Davidson, 57 Idaho 548, at page 561, 67 P.2d 83, at page 88, this court said:

"The order granting the new trial not having been appealed from, the correctness or incorrectness of the asserted erroneous instruction involved therein is not now properly before us on this appeal, therefore we do not consider or express any opinion thereon."

No reversible error appearing in the record, the judgment of the trial court is affirmed. Costs awarded to appellants.

KEETON, C. J., and TAYLOR, SMITH and McQUADE, JJ., concur.