404 P.2d 872

**Gloria TELFAIR, Plaintiff-Appellant,**

**v.**

**GREYHOUND CORPORATION, a corporation, Defendant-Respondent.**

**No. 9529.**

Supreme Court of Idaho.

Aug. 3, 1965.

Rehearing Denied Sept. 9, 1965.

See also 89 Idaho 385, 404 P.2d 875.

James D. McTaggart, Boise, for appellant.

Moffatt, Thomas, Barrett & Blanton, Boise, for respondent.

McQUADE, Chief Justice.

On January 30, 1963, appellant, Gloria Telfair, commenced an action for damages for personal injuries sustained through allegedly negligent operation of respondent Greyhound Corporation's bus. Appellant submitted an interrogatory to respondent requesting the list of passengers on the bus at the time of the accident. On May 24, 1963, appellant was provided with a list of the names of the passengers.

The names of 29 passengers were listed. The surname of a passenger from Portland, Oregon, was illegible. The city and state

were not designated for another passenger. The names of 17 passengers were listed by city and state but did not specify the street or postal addresses, and complete addresses were furnished with the remaining 12 names.

In an affidavit appellant's counsel stated that he wrote eight or ten letters to individuals listed in the answer to the interrogatory who were thought to be within a reasonable traveling distance, to-wit: approximately 300 miles.

A pretrial conference was held on November 8, 1963. The pretrial order included the following:

> "DISCOVERY: It is represented that discovery is complete with the exception that the defendants desire to take the deposition of one Gottlieb in New York City. Otherwise, no further discovery will be permitted."

Trial was had with a jury. A verdict was rendered in favor of the respondent on January 27, 1964, and judgment was entered the same day against appellant Telfair.

During the latter part of February 1964, appellant journeyed to Portland, Oregon, where she succeeded in locating Michalee Gould and Warren T. Johnston, two passengers. Their names were on the passenger list but were without postal addresses. She obtained statements from those two witnesses.

Appellant obtained new counsel and on March 11, 1964, moved to set aside the judgment and also made a motion for a new trial under I.R.C.P. 60(b). On April 16, 1964, she received from Germany the affidavit of passenger Howard M. Higgins, whose address was listed by respondent as Kent, Washington.

On April 24, 1964, the trial court entered an order denying appellant's motion to set aside the judgment and the motion for a new trial. Appellant has taken this appeal from that order.

The assignment of error of appellant is that the trial court erred in denying appellant's motions to set aside the judgment and for a new trial. She grounded these motions upon I.R.C.P. 60(b), which reads in part as follows:

> "On motion and upon such terms as are just, the court may relieve a party or his legal representative from a final judgment, order, or proceeding for the following reasons: * * * (2) newly discovered evidence which by due diligence could not have been discovered in time to move for a new trial under rule 59(b); * * *."

Rules governing the granting of a new trial on the grounds of newly discovered evidence have been discussed by this court:

> "The general rule is that in order to warrant the granting of a new trial on

the ground of newly discovered evidence it must appear (1) that the evidence is such as will probably change the result if a new trial is granted; (2) that it has been discovered since the trial; (3) that it could not have been discovered before the trial by the exercise of due diligence; (4) that it is material to the issues; and (5) that it is not merely cumulative or impeaching." Papineau v. Idaho First Nat. Bank, 74 Idaho 145, 150, 258 P.2d 755, 758 (1953); Livestock Credit Corp. v. Corbett, 53 Idaho 190, 198, 22 P.2d 874 (1933).

See also Caravelis v. Cacavas, 38 Idaho 123, 220 P. 110 (1923).

Whether the evidence could have been discovered by due diligence is the principal issue on this appeal. The exercise of due diligence is one of the required elements in the granting of a new trial.

By his affidavit present counsel shows that the prior counsel had limited investigation of witnesses to a radius of 300 miles. At least nine addresses of passengers showed that they lived beyond the 300-mile radius and that those addresses were complete as to street and city. And yet there is no showing that appellant's former attorney attempted to contact any of these witnesses.

Due diligence required appellant to seek evidence with persistence and resoluteness. In the case of Lewis v. Nichols, 164 Or. 555, 103 P.2d 284 (1940), the court expressed the rule and the reasoning for the requirement of due diligence:

"A presumption confronts the moving party that he failed to exercise due diligence before the trial, it being presumed that he would have discovered the evidence in time to have presented it during the trial had he employed reasonable industry. That presumption is founded upon good sense, for common experience teaches us that since virtually everyone regards a lawsuit as a serious matter, litigants generally discover all available witnesses before the trial. But the disfavor with which a motion for a new trial is regarded is also the product of necessity—the necessity of spurring on the parties to the discovery before trial of all available facts in order that repetitions of the trial may be avoided." At page 290.

See also Fredricksen v. Luthy, 72 Idaho 164, 238 P.2d 430 (1951). And see Warner v. Mitchell Bros. Truck Lines, 221 Or. 544, 352 P.2d 156 (1960); Larson v. Heintz Construction Co., 219 Or. 25, 345 P.2d 835 (1959); and Northwestern Ice & C. Stor. Co. v. Multnomah County, 228 Or. 507, 365 P.2d 876 (1961), wherein the Oregon court concluded that all persons of whom the moving party had either express or constructive knowledge cannot be deemed newly discovered witnesses after the trial.

From the record before the court, we conclude that appellant had sufficient opportunity before trial to locate those witnesses whose testimony is urged as the basis for setting aside the judgment and for a new trial. The newly discovered evidence encompassed in the testimony of those witnesses is the result of the now diligent search. The same efforts exerted to find the witnesses after trial should have been employed prior to the trial.

Appellant did not exercise the due diligence required for locating witnesses and developing evidence prior to trial.

Judgment affirmed.

Costs to respondent.

McFADDEN, TAYLOR, SMITH and KNUDSON, JJ., concur.