511 P.2d 1338

In the Matter of the ESTATE of William Edward FREEMAN, a/k/a W. E. Freeman.

Lawrence FREEMAN, a/k/a Larry Freeman, Plaintiff-Respondent and Cross-Appellant,

v.

Eli RAPAICH, Executor of the Estate of W. E. Freeman, Deceased, Defendant-Appellant and Cross-Respondent.

v.

Clyde CURRY, Administrator of the Estate of Mary Mason, Deceased, et al., Defendants-Respondents and Cross-Appellants,

v.

Eli RAPAICH, as Executor of the Last Will and Testament of W. E. Freeman and as Legatee, et al., Defendants.

No. 11166.

Supreme Court of Idaho.

July 10, 1973.

Marcus Ware, Ware, Stellmon & O'Connell, Lewiston, for appellant and cross-respondent Rapaich.

Wm. J. Dee, Grangeville, Henry Felton, Lewiston, for respondent and cross-appellant Freeman.

John H. Bengston, Randall & Bengston, Lewiston, for respondents and cross-appellants Curry, and others.

DONALDSON, Chief Justice.

William Edward Freeman, a/k/a W. E. Freeman, died on February 9, 1971, at the age of seventy-eight, a resident of Lewiston, Idaho. His purported will was admitted to probate on March 4, 1971, and defendant-appellant and cross-respondent, Eli Rapaich, an attorney, was appointed executor of the will. The will names Rapaich as residuary legatee. Cross-appellant Lawrence Freeman, a/k/a Larry Freeman, filed "Grounds of Opposition to Probate of Will" on April 29, 1971, alleging that he was the half-brother of the decedent and his sole heir at law, and further alleging that the purported will was invalid. Lawrence Freeman was not among the beneficiaries named in the will.

On July 1, 1971, cross-appellants Clyde Curry, individually and as administrator of the estate of Mary Mason, deceased, Fred Mason, and Mary Alice Morales (hereafter referred to collectively as Curry, et al.) filed a petition to revoke probate of the will. They alleged that when the decedent, W. E. Freeman died, he left as his sole surviving heirs a sister named Mary Mason, and a niece, Mary Alice Morales, the adopted daughter of another (deceased) sister, Annie Morgan. They further alleged that subsequent to W. E. Freeman's death, his sister Mary Mason died, leaving as her sole heirs her adopted son, Clyde Curry, and her husband, Fred Mason. Therefore, they contended that Clyde Curry and Fred Mason, as the sole heirs of Mary Mason, and Mary Alice Morales, as an heir of W. E. Freeman by virtue of the fact that her deceased mother was Freeman's sister, were interested parties with standing to contest the will's validity. The will contained bequests to Mary Mason and to Clyde Curry.

On April 10, 1972, the district court issued a pre-trial order which provided that the issues of the alleged relationships and heirship of the competing contestants with regard to the decedent, W. E. Freeman, were to be tried first. The district court

reserved the issue of the validity of the will for a later trial if it was determined necessary.

The trial to determine which, if any, of the contestants were the heirs of W. E. Freeman, and thus entitled to contest the will, was had before a jury, beginning on April 10, 1972. Lawrence Freeman was the sole witness in his own behalf. His version of the story regarding family relationship is that he, Lawrence, and the decedent, W. E. Freeman, had a common father, one Samuel Freeman, and that the decedent was the son of Samuel Freeman by his first marriage, while Lawrence was a son born of Samuel's second marriage. It is undisputed that Samuel Freeman was the father of Lawrence Freeman. During the presentation of his case, Lawrence Freeman made several attempts to introduce into evidence declarations by Samuel Freeman, now deceased, that Samuel was the father of the decedent, W. E. Freeman, and to introduce declarations by W. E. Freeman, that Samuel was his father. Objections to the attempted introduction of these alleged declarations were repeatedly sustained and Lawrence Freeman does not assign as error the action of the district court in sustaining these objections. Lawrence Freeman introduced into evidence a photograph of Samuel Freeman, and a photograph of Samuel and a woman who was allegedly his first wife and W. E. Freeman's mother. He also produced a letter from Samuel to Lawrence which contained a reference to "Willy Freeman * * * down from Billings [Montana]." Lawrence testified that this was a reference to the decedent, W. E. Freeman. In the course of cross-examination, Lawrence Freeman testified that his father Samuel had a brother named William who lived in Billings. Curry, et al., suggest that the phrase in the letter actually referred to this brother, rather than to the decedent. Lawrence testified that he and W. E. Freeman had been close and that W. E. Freeman had loaned him money and given

him a car, and that W. E. Freeman had served as a pall-bearer in the funerals of Lawrence's mother and brother. There was testimony at trial from which it could have been inferred that W. E. Freeman tried to disavow kinship with Lawrence Freeman because Lawrence's mother was a mulatto.

The version of W. E. Freeman's pedigree which was presented by cross-appellants Curry, et al., was that W. E. Freeman was the son of one Tom Freeman and one Amanda Tracy. They contended that Tom Freeman was also the father of Mary Mason and Annie Morgan. Little or no evidence was introduced regarding the mother of Mary Mason and Annie Morgan. The evidence which was introduced by cross-appellants Curry, et al., consisted of testimony by several witnesses that the decedent W. E. Freeman had disavowed any kinship with Lawrence Freeman, that he had stated that Mary Mason was his sister and that Tom Freeman was his father. In-laws and purported relatives of W. E. Freeman testified that Tom Freeman was the decedent's father and that Mary Mason and Annie Morgan were his sisters or half-sisters. Curry, et al., introduced into evidence a delayed birth certificate, which W. E. Freeman had secured, on which he had indicated that Tom Freeman was his father. They presented photographs of the decedent as a young man, of Mary Mason as a young woman, and of Tom Freeman. They also introduced photographs of W. E. Freeman as a young man visiting Mary Mason, Annie Morgan, and Tom Freeman in Alliance, Nebraska, and of Mary Mason visiting W. E. Freeman and his wife in Lewiston, Idaho. There was testimony that Lawrence Freeman's relationship with the decedent was not particularly close and that the decedent loaned money to many people, not just to Lawrence.

At the conclusion of the trial, the district court submitted interrogatories to the

jury. Those interrogatories and the unanimous answers of the jury were as follows:

"1. Do you find from the evidence that Larry Freeman was a half brother of William Edward Freeman? (Answer yes or no.)

ANSWER: Yes

"2. Do you find from the evidence that Mary Mason was a sister or half sister of William Edward Freeman? (Answer yes or no.)

ANSWER: No

"3. Do you find from the evidence that Clyde Curry is the surviving son, either natural or adopted of Mary Mason? (Answer yes or no.)

ANSWER: Yes

"4. Do you find from the evidence that Clyde Curry is the administrator of the estate of Mary Mason, deceased? (Answer yes or no.)

ANSWER: Yes

"5. Do you find from the evidence that Fred Mason is the surviving husband of Mary Mason, deceased? (Answer yes or no.)

ANSWER: Yes

"6. Do you find from the evidence that Annie Morgan was a sister or half sister of William Edward Freeman? (Answer yes or no.)

ANSWER: No

"7. Do you find from the evidence that Mary Alice Morales is the surviving daughter, natural or adopted, of Annie Morgan? (Answer yes or no.)

ANSWER: Yes"

The crux of the verdict was the jury's findings that contestant Larry Freeman was a half-brother of the decedent, W. E. Freeman, and that Mary Mason and Annie Morgan were not sisters or half-sisters of the decedent.

A decree based on the jury verdict was filed by the court on April 14, 1972. On the basis of that decree, Curry, et al., who claimed the right to contest the will of W. E. Freeman on the basis of alleged brother-sister relationships between W. E. Freeman, Mary Mason and Annie Morgan, were precluded from contesting the will.

On April 19, 1972, Curry, et al., filed a motion pursuant to I.R.C.P. 50(b) for judgment notwithstanding the verdict, or, in the alternative for a new trial, under I. R.C.P. 59. That part of the April 19 motion which requested a judgment notwithstanding the verdict sought one of two modifications of the judgment and decree: either (1) entry of a judgment and decree holding that Larry Freeman was *not* a brother or half-brother of the decedent William Edward Freeman and that Mary Mason and Annie Morgan *were* sisters or half-sisters of the decedent or (2) entry of a judgment and decree holding that Lawrence Freeman was a brother or half-brother of the decedent *and* that Mary Mason and Annie Morgan were sisters or half-sisters of the decedent.

On June 15, 1972, Curry, et al., made a motion pursuant to I.R.C.P. 60(b) for relief from the judgment and decree and for a new trial on the ground that new evidence, which could not have been discovered in the exercise of due diligence in time to move for a new trial under I.R.C.P. 59(b), had been found. This newly discovered evidence allegedly proved that Lawrence Freeman was not related to the decedent.

On July 19, 1972, the district court entered orders granting the second alternative of Curry, et al.'s motion for judgment notwithstanding the verdict, denying the first alternative of the motion and denying both motions for new trial. Also on that date, the district court entered a new decree based on the order granting the second alternative motion for judgment notwithstanding the verdict. That revised decree reads in pertinent part:

"IT IS HEREBY ORDERED, ADJUDGED AND DECREED:

"1. That Larry Freeman was a half-brother of William Edward Freeman.

"2. That Mary Mason was a sister or half-sister of William Edward Freeman.

\* \* \* \* \* \*

"6. That Annie Morgan was a sister or half-sister of William Edward Freeman.

\* \* \* \* \* \*

"8. That so far as is known, the said William Edward Freeman died leaving as his sole and only heirs at law, Larry Freeman, Mary Mason (now deceased) and Mary Alice Morales."

The district court stated as his reason for modifying the decree and granting, in part, the motion for judgment notwithstanding the verdict which was made by Curry, et al., that the evidence adduced at the trial established "without contradiction that Mary Mason and Annie Morgan were sisters or half-sisters of the decedent, William Edward Freeman."

All parties to this action have appealed. Attorney Rapaich, defendant below and appellant herein, has made two assignments of error. First he contends that the original verdict, the decree based on that verdict, and the decree ultimately entered by the district court are "erroneous and against the law and the facts applicable to this case" insofar as Larry Freeman is held to be a half-brother of William Edward Freeman. Rapaich contends that there was not sufficient evidence to sustain such a determination. Rapaich also contends that the decree of the district court as it now stands is contrary to the facts and against the "law of nature" because, based on the evidence, there is allegedly no way that Larry Freeman, Mary Mason, and Annie Morgan could all have been related to the decedent W. E. Freeman, in the absence of a common parent.

Cross-appellants Curry, et al., also make two assignments of error. They contend that the district court erred in denying that part of their motion for judgment notwithstanding the verdict which sought the entry of judgment that Larry Freeman was not the brother or half-brother of W. E. Freeman, for the reason that there was "no substantial or competent evidence to sustain the verdict of the jury." Curry, et al., also contend that the district court abused its discretion in denying them relief from judgment and a new trial under I.R. C.P. 60(b) on the basis of newly discovered evidence.

Cross-appellant Larry Freeman assigns as error the action of the district court in setting aside the verdict of the jury and the decree originally entered thereon and in partially granting the motion of Curry, et al. for judgment notwithstanding the verdict. He contends that the trial court's conclusion that the evidence established "without contradiction" that Mary Mason and Annie Morgan were sisters or half-sisters of the decedent was not a proper basis for granting judgment notwithstanding the verdict, and that, furthermore, the evidence was conflicting and not "without contradiction."

The evidence presented by Lawrence Freeman on the issue of his alleged relationship with W. E. Freeman, which was properly before the jury, was meagre. Nevertheless, Lawrence Freeman did produce *some* competent evidence to support his claim, and we do not consider it to have been error for the district court to have denied the motion of cross-appellants Curry, et al. for a judgment notwithstanding the verdict declaring that Lawrence Freeman was not the half-brother of the decedent W. E. Freeman. *Cf.* Banz v. Jordan Motor Co., 94 Idaho 369, 487 P.2d 1123 (1971).

The issue of whether, as cross-appellant Lawrence Freeman contends, the district court erred in granting the motion of Curry, et al. for judgment notwithstanding the verdict to the extent of declaring Mary Mason and Annie Morgan, as well as Lawrence Freeman, to have been siblings of the decedent W. E. Freeman, need not be decided because it is the conclusion of this Court that the cause must be remanded for a new trial on the basis of the evidence newly discovered by cross-appellants Curry, et al.

■ At trial, Lawrence Freeman testified that his father, Samuel Freeman, had died in a Veterans' Administration hospital in Cheyenne, Wyoming. Counsel for Curry, et al., averred in his affidavit accompanying the motion for new trial under I.R.C.P. 60(b) that this fact had not been known to cross-appellants Curry, et al. prior to trial. After learning the circumstances of Samuel Freeman's death, Curry, et al., obtained from the Veterans' Administration a form designated as a "declaration for Increase of Pension" which Samuel Freeman had completed and signed in 1931, apparently in connection with his hospitalization. On that form he listed Lawrence Freeman's mother, Sarah Freeman, as his first wife, and one Catherine Belle Freeman as his second wife. On the form, Samuel listed three children, including appellant Lawrence Freeman. The decedent W. E. Freeman is not listed on the form as one of Samuel Freeman's children. If the identity and authenticity of the form were properly established, it would be competent evidence regarding the alleged relationship between Lawrence Freeman and the decedent, W. E. Freeman, under the well-recognized exception to the hearsay rule in matters of family history, relationships and pedigree.[1]

"'The general rule is that in order to warrant the granting of a new trial on the ground of newly discovered evidence it must appear (1) that the evidence is such as will probably change the result if a new trial is granted; (2) that it has

been discovered since the trial; (3) that it could not have been discovered before the trial by the exercise of due diligence; (4) that it is material to the issues; and (5) that it is not merely cumulative or impeaching.'" Telfair v. Greyhound Corporation, 89 Idaho 380, 383–384, 404 P.2d 872, 874 (1965), quoting Papineau v. Idaho First Nat. Bank, 74 Idaho 145, 150, 258 P.2d 755 (1953); Livestock Credit Corp. v. Corbett, 53 Idaho 190, 198, 22 P.2d 874 (1933).

■■ Cross-appellant Lawrence Freeman states that extensive discovery proceedings were held in this case prior to trial. This fact suggests diligence, rather than the contrary, on the part of cross-appellants Curry, et al. Rule 60(b) is to be liberally construed to the end that the judgment reflect the true merits of a case. Serio v. Badger Mutual Insurance Company, 266 F.2d 418, 421 (5th Cir. 1959) construing Fed.R.Civ.P. 60(b). The evidence presented by Lawrence Freeman, by which he attempted to prove that he was W. E. Freeman's half-brother, was slight. It is probable that the newly discovered evidence would change the result of this case if a new trial were granted. It is the conclusion of this Court that the district court erred in denying the motion of Curry, et al., for a new trial. Reversed and remanded for a new trial. Costs to cross-appellants Curry, et al.

SHEPARD, McQUADE, McFADDEN and BAKES, JJ., concur.

---

1. "'[W]here the question is whether any, or what, relationship exists between two supposed branches of the same family, it is sufficient to establish the connection of the deceased declarant with either branch, in order to render such declaration admissible.'" Hines v. Donaldson, 193 Ga. 783, 20 S.E.2d 134, 143 (1942); 5 Wigmore, Evidence § 1491 (3rd ed. 1940). In this case it was undisputed that Samuel Freeman, the deceased declarant, was Lawrence Freeman's father.