536 P.2d 749

Elaine GRASSER, Plaintiff-Appellant,

v.

FIRST SECURITY BANK OF IDAHO, a corporation, and Executor of the Estate of Precious Ross Berger, Deceased, Defendant-Respondent.

No. 11674.

Supreme Court of Idaho.

June 13, 1975.

Leslie T. McCarthy, Lewiston, Charles T. Sharp, Clarkston, Wash., for plaintiff-appellant.

Robert P. Brown of Clements & Clements, Lewiston, S. Dean Arnold, Clarkston, Wash., for defendant-respondent.

DONALDSON, Justice.

Precious Ross Berger died testate on September 1, 1972, in Nez Perce County, State of Idaho. Defendant-respondent, First Security Bank of Idaho, National Association, was duly appointed acting personal representative of the estate. Following publication of "Notice to Creditors," plaintiff-appellant Elaine Grasser filed a "Creditor's Claim" in the amount of Sixteen Thousand Eight Hundred Dollars ($16,800). Said claim was based upon the following:

"That the plaintiff was in the employ of Precious Ross Berger, deceased, being on call twenty-four (24) hours a day attending to her wants and needs and the plaintiff was so employed by the deceased for a period of twelve (12) years ending on September 1, 1972, the deceased's date of death.

"That during this period of time, the deceased agreed to compensate the plaintiff at the rate of One Hundred Dollars ($100.00) per month for the first four (4) years, and at the rate of One Hundred Twenty-Five Dollars ($125.00) per month for the following eight (8) years, all in the total sum of Sixteen Thousand Eight Hundred Dollars ($16,800.00); that none of such monies were or ever has been received by the plaintiff and the $16,800.00 remains unpaid and due and owing."

The "Creditor's Claim" was rejected whereupon the appellant brought action in the district court against the personal representative. At trial, the appellant's attorney announced his intention of establishing the above contractual relationship through proof of the existence of a ledger book which purportedly showed, on a running-account basis, sums due from decedent to the appellant. On the evidentiary grounds of "hearsay" and I.C. § 9–202(3), the district court refused to admit oral testimony by the plaintiff concerning existence of the ledger. At the close of the plaintiff's case, the defendant moved for involuntary dismissal pursuant to Rule 41, I.R.C.P. Said motion was granted, and the following findings of fact (in pertinent part) were entered:

"That for several years before the death of Precious Ross Berger, the plaintiff periodically assisted decedent by running errands and helping with chores around decedent's house and yard. That said assistance was not continuous and was not rendered under any agreement that plaintiff would render continuous service during decedent's lifetime or otherwise.

"That many other people, none of whom have filed claims against decedent's estate, assisted the decedent, Precious Ross Berger, during the same period of time, doing the same or similar things as the plaintiff.

"That plaintiff's own testimony and that of her witnesses shows that, during the period of time in question, the decedent made loans of money to the plaintiff, purchased an engine for plaintiff's truck for the sum of Three Hundred Twenty and 30/100 Dollars ($320.30), purchased tires for said truck in the amount of Forty Two and 50/100 Dollars ($42.50), made gifts to plaintiff, and gave plaintiff food and canned goods.

"There is no evidence that during decedent's lifetime plaintiff ever demanded or requested payment for services.

"That during decedent's lifetime, plaintiff repaid at least one of the loans made by decedent by making payments to decedent.

"That the testimony of the plaintiff is improbable and is not susceptible of belief for reasons particularly including, but not limited to, the following:

(1) That the plaintiff was in need of money during the decedent's lifetime but there is no evidence that she ever made any claim or demand upon decedent for payment during decedent's lifetime, even though she claims that substantial sums of money were owed to her by decedent.

(2) That plaintiff, by her own testimony, repaid at least one loan made to her by decedent, even though she claims that the decedent, at that time, would have owed her a substantial sum of money.

(3) That on or about February 13, 1971, at a time when according to plaintiff's testimony, the decedent would have owed her Fourteen Thousand Five Hundred Fifty Dollars ($14,550), the plaintiff signed an evidence of indebtedness (Defendant's Exhibit D), wherein she agreed to repay the decedent the sum of One Hundred Eighty Dollars ($180) at the rate of Twenty Five Dollars ($25) per month, beginning in the month of March, 1971."

The day after the trial, the appellant filed motion for new trial based solely upon the grounds of newly discovered evidence. In connection therewith, a motion to produce the ledger book and a motion to take the deposition of Onal Ross were filed. Opposing affidavits were submitted, and upon consideration thereof the district court entered an order denying appellant's requested relief. Appeal is taken solely from the denial of appellant's motion for new trial, motion to produce, and motion to take deposition. No appeal is taken from the judgment of the court.

■ The appellant initially asserts that the district court abused its discretion in denying motion for new trial. We disagree.

The plaintiff's motion for new trial provided as follows:

"Comes now LESLIE T. McCARTHY, attorney for the above named plaintiff and respectfully moves this Honorable Court, based upon the affidavit of the plaintiff herein, for an order granting a new trial *for the reason that new evidence which is material to a determination of this cause has been discovered.*" (emphasis supplied)

This court has consistently held that a party, in order to be entitled to new trial upon this ground, must initially establish that the evidence is such that the result will probably be changed if the new trial is granted. In Re Estate of Freeman, 95 Idaho 562, 567, 511 P.2d 1338 (1973); Craig H. Hisaw, Inc. v. Bishop, 95 Idaho 145, 148, 504 P.2d 818 (1972); Telfair v. Greyhound Corp., 89 Idaho 380, 383, 404 P.2d 872 (1965).

While appellant's motion does not specify the newly-discovered evidence upon which her motion is based, it can be presumed from her affidavit supporting motion for new trial that she was referring to

the witness, Onal Ross, and to her version of the conversation with that witness.

"That at approximately 1:30 in the afternoon of the second day of said trial your affiant herein did see the said Onal Ross in the vicinity of the Nez Perce County Courthouse and he stated in words and phrases as follows: 'My conscience is bothering me, I could have helped you yesterday. I know about that ledger and the papers that you were shown in court and they were with that ledger.' And he further stated that to his knowledge by viewing the ledger referred to by your affiant herein that Precious Ross Berger owed your affiant $16,800 for services and that such was verified by the decedent to the said Onal Ross. And at the late of the conversation he advised your affiant herein that 'I know where the ledger is.'"

The trial judge refused to accept the appellant's version of the conversation, particularly after examination of the affidavit of Onal Ross.

"* * * After the trial, and on the afternoon of March 5 while I was walking across the parking lot near the courthouse, Elaine Grasser hailed me and in the course of the conversation asked me if I knew anything about the ledger book kept by Mrs. Berger. I advised her that I had seen the book and that there were entries in it that concerned her, but that there was nothing contained therein that would help her at all that it showed was the amounts that Precious Berger had paid to her and was still owing by her (Elaine Grasser). Elaine Grasser then stated that she knew that that was correct, but that Precious Berger had not paid her enough for the work that she had done."

Certainly, if Mr. Ross were called as a witness and testified to the facts which he stated in his sworn affidavit, his testimony would not be helpful to the appellant. Instead, Ross's testimony would flatly contradict the appellant's contention that the ledger showed an open account indebtedness in favor of the appellant in the sum of Sixteen Thousand Eight Hundred Dollars ($16,800) or in any other amount. Mr. Ross's testimony with respect to appellant's admission that she knew that there were still sums owing from her to the decedent but that the decedent had not paid her enough for her work would further impeach appellant's testimony. Therefore, the evidence supports the trial court in its finding that testimony of Onal Ross would not change the outcome of the case.

■ A party seeking a new trial on grounds of newly-discovered evidence must also meet the burden of establishing that the evidence could not have been discovered before the trial by the exercise of due diligence. In Re Estate of Freeman, *supra;* Craig H. Hisaw, Inc. v. Bishop, *supra;* Telfair v. Greyhound Corp., *supra.* The trial court also found appellant's showing on this element insufficient.

The record indicates that Onal Ross was physically present in the courtroom throughout the trial and that both the appellant and her attorney were aware of his presence. The appellant was further aware that Mr. Ross was staying with the decedent immediately prior to her death and was present at the home when the appellant went there following said death. The appellant subpoenaed representatives of the bank and inquired of them with respect to the ledger, and also questioned her witness, Joevetta Johnson, concerning that topic. However, at no time did appellant's attorney make any attempt to question Mr. Ross during the trial or take his deposition. Only after conclusion of the trial was this effort made.

■ In ruling on a motion for new trial, the trial court is vested with wide discretion. Lombard v. Cory, 95 Idaho 868, 872, 522 P.2d 581 (1974); Hollandsworth v. Cottonwood Elevator Co., 95 Idaho 468, 471, 511 P.2d 285 (1973); Dawson v. Olson, 95 Idaho 295, 298, 507 P.2d 804 (1973). The reason for that rule is set

forth in Findley v. Woodall, 86 Idaho 439, 387 P.2d 594 (1963).

"* * * The underlying reason for resting the granting or denial of a motion for new trial in the sound discretion of the trial court is the theory that the judge who tries the case, having the parties, their witnesses, and counsel before him, with opportunity to observe their demeanor and conduct during the trial, and noting the occurrences during its progress likely to affect the result thereof, is better qualified to judge whether a fair trial has been had and substantial justice done than the appellate court, that has before it merely the written record." 86 Idaho 446, 387 P.2d 598.

The district court clearly did not abuse its discretion in denying appellant's motion for new trial based solely upon newly-discovered evidence. The order appealed from should, therefore, be sustained.

The appellant next asserts that the district court erred in excluding as hearsay certain evidence sought to be introduced by the plaintiff concerning existence of the ledger. The appellant further asserts that the district court erred in ruling the evidence was prohibited by the Dead Man's Statute, I.C. § 9–202(3). Appellant's above two claims of error are not properly before this court and therefore will not be considered on appeal.

Rule 7(b)(1), I.R.C.P. provides:

"An application to the court for an order shall be by motion which, unless made during a hearing or trial, shall be made in writing, shall state with particularity the grounds therefor, * * *."

The rule has been applied to require that motions for new trial state with particularity the grounds upon which they are made. Paullus v. Liedkie, 92 Idaho 323, 326, 442 P.2d 733 (1968). In *Paullus,* the appellant contended that the trial court should have granted a motion for new trial based upon insufficiency of evidence and upon errors of law occurring at trial. The appellant failed to specify wherein the evi-

dence was insufficient and further failed to specify particular errors in law upon which he relied. The court held:

*"The motion for new trial should still set out 'the grounds upon which the motion' is made, and whether it is made 'upon affidavits, or the records and files in the action, or the minutes of the court.' * * *"*

"* * * The provisions of I.C.R. § 10–604(1) are abrogated by the provisions of I.R.C.P. 59(c); but the provisions of I.C.R. § 10–604(2) are not fully abrogated because *if the motion is based upon the insufficiency of the evidence, the motion itself should 'specify the particulars in which the evidence is alleged to be insufficient * * *.' Furthermore, 'if the ground of the motion be errors in law occurring at the trial, * * * the notice [motion] must specify the particular errors upon which the party' relies. The requirements of particularity in regard to grounds for the motion of insufficiency of the evidence or the errors of law are in accord with the requirements of I.R.C.P. 59 and its various subdivisions."* (emphasis supplied) 92 Idaho 326, 442 P.2d 736.

The appellant in the case at bar contends that a new trial should have been granted because of errors in law, either in ruling on evidence or improper application of a statute. As earlier set forth in this opinion, the appellant's motion for new trial wholly fails to allege statutory or evidentiary grounds other than newly-discovered evidence and therefore these two assignments of error will not be considered.

The appellant counters that since the motion for new trial and notice of appeal were timely filed, the court should treat the matter as an appeal from final judgment. In State v. Hansen, 80 Idaho 201, 327 P.2d 366 (1958) we held:

"An appeal from an order denying a motion for new trial is a separate and distinct proceeding from an appeal from the judgment. The two are independent

remedies. Idaho Gold Dredging Corporation v. Boise Payette Lumber Co., 54 Idaho 270, 30 P.2d 1076." 80 Idaho 206, 327 P.2d 369.

 Inasmuch as the appellant appealed only from an order denying motion for new trial, and said motion was based solely on the ground of newly-discovered evidence and does not assert that the trial court committed any error in its ruling on the evidence, we hold that the questions presented by appellant's claims of error concerning rulings on the admissibility of evidence are not properly before this court and will not be considered on appeal.

Affirmed.

Costs to respondent.

McQUADE, C. J., and McFADDEN, SHEPARD, and BAKES, JJ., concur.